**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE HEATING CONTROL PANELS<br>IN RE OCCUPANT SAFETY RESTRAINT SYSTEMS<br>IN RE SWITCHES<br>IN RE STEERING ANGLE SENSORS | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br><br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01603 |
| THIS DOCUMENT RELATES TO:<br>END-PAYOR ACTIONS | |

**ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT
WITH THE TOKAI RIKA DEFENDANTS AND PROVISIONAL
<u>CERTIFICATION OF SETTLEMENT CLASSES</u>**

Upon consideration of End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants Tokai Rika, Co. Ltd. and TRAM, Inc. d/b/a/ Tokai Rika U.S.A. Inc. (together, "Tokai Rika") and Provisional Certification of Settlement Classes ("Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

<u>Preliminary Approval of Settlement Agreement</u>

3. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to a Fairness Hearing.

4. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

### Class Certification

5. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following classes for settlement purposes ("Settlement Classes"):

"Settlement Classes" include the following:

The Settlement Agreement defines the "Heating Control Panels Settlement Class" as follows:

> All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Heating Control Panel(s) as a component part, or indirectly purchased one or more Heating Control Panel(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Heating Control Panels directly or for resale.

Settlement Agreement ¶ 12(a).

The Settlement Agreement defines the "Occupant Safety Restraint Systems Class" as follows:

>All persons and entities that, from January 1, 2003 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Occupant Safety Restraint System(s) as a component part, or indirectly purchased one or more Occupant Safety Restraint System(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Occupant Safety Restraint Systems directly or for resale.

Settlement Agreement ¶ 12(b).

The Settlement Agreement defines the "Switches Class" as follows:

>All persons and entities that, from September 1, 2003 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Switch(es) as a component part, or indirectly purchased one or more Switch(es) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Switches directly or for resale.

Settlement Agreement ¶ 12(c).

The Settlement Agreement defines the "Steering Angle Sensors Class" as follows:

>All persons and entities that, from September 1, 2003 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Steering Angle Sensor(s) as a component part, or indirectly purchased one or more Steering Angle Sensor(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and

>   instrumentalities, and persons who purchased Steering Angle Sensors directly or for resale.

Settlement Agreement ¶ 12(d).

6. The Court finds that provisional certification of the Settlement Classes is warranted in light of the Settlement Agreement because: (a) the Settlement Classes are so numerous that joinder is impracticable; (b) End-Payor Plaintiffs' claims present common issues and are typical of the Settlement Classes; (c) End-Payor Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes. The Court further finds that End-Payor Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes. The Court also finds settlement of the above-captioned actions ("Actions") on a class basis is superior to other means of resolving the matter.

## Appointment of Settlement Class Counsel

7. The Court hereby appoints Cotchett, Pitre & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P. as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

8. Each End-Payor Plaintiff class representative named in the operative complaints in the Actions will serve as an End-Payor Plaintiff class representative on behalf of the applicable Settlement Classes.

## Notice to Potential Class Members

9. Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order

following submission by End-Payor Plaintiffs at a later date of a proposal for notice to the Settlement Classes and related forms for notice, claims and distribution ("Notice Motion").

10. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

### Other Provisions

11. As more fully set forth in the Settlement Agreement, Tokai Rika agrees to cooperate with End-Payor Plaintiffs in connection with the continued prosecution of the Actions.

12. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of End-Payor Plaintiffs, Tokai Rika, and the members of the Settlement Classes.

13. The Court's provisional certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including Tokai Rika, to contest certification of any other class proposed in *In re Automotive Parts Antitrust Litigation*. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the Actions or in *In re Automotive Parts Antitrust Litigation*, or on the Court's ruling(s) concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

14. The Court approves the establishment of the Settlement Funds under the Settlement Agreement as qualified settlement funds ("QSFs") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing

jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSFs. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSFs for the payment of the costs of notice, payment of taxes, and settlement administration costs.

15. The litigation against Releasees (as defined in the Settlement Agreement with Tokai Rika) is stayed except to the extent necessary to effectuate the Settlement Agreement.

Date:   April 23, 2018

                                            s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 23, 2018.

                                            s/ Kay Doaks
                                            Case Manager