# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Wire Harness Systems | : | Case No. 2:12-cv-00103 |
| In Re: Instrument Panel Clusters | : | Case No. 2:12-cv-00203 |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00403 |
| In Re: Automotive Bearings | : | Case No. 2:12-cv-00503 |
| In Re: Anti-Vibrational Rubber Parts | : | Case No. 2:13-cv-00803 |
| In Re: Windshield Wipers | : | Case No. 2:13-cv-00903 |
| In Re: Radiators | : | Case No. 2:13-cv-01003 |
| In Re: Starters | : | Case No. 2:13-cv-01103 |
| In Re: Automotive Lamps | : | Case No. 2:13-cv-01203 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01403 |
| In Re: HID Ballasts | : | Case No. 2:13-cv-01703 |
| In Re: Electronic Powered Steering Assemblies | : | Case No. 2:13-cv-01903 |
| In Re: Fan Motors | : | Case No. 2:13-cv-02103 |
| In Re: Fuel Injection Systems | : | Case No. 2:13-cv-02203 |
| In Re: Power Window Motors | : | Case No. 2:13-cv-02303 |
| In Re: Automatic Transmission Fluid Warmers | : | Case No. 2:13-cv-02403 |
| In Re: Air Conditioning Systems | : | Case No. 2:13-cv-02703 |
| In Re: Windshield Washer Systems | : | Case No. 2:13-cv-02803 |
| In Re: Constant Velocity Joint Boot Products | : | Case No. 2:14-cv-02903 |
| In Re: Spark Plugs | : | Case No. 2:15-cv-03003 |
| In Re: Shock Absorbers | : | Case No. 2:15-cv-03303 |
| In Re: Body Sealing Products | : | Case No. 2:16-cv-03403 |
| In Re: Interior Trim Products | : | Case No. 2:16-cv-03503 |
| In Re: Automotive Break Hoses | : | Case No. 2:15-cv-03603 |
| In Re: Exhaust Systems | : | Case No. 2:16-cv-03703 |
| In Re: Ceramic Substrates | : | Case No. 2:16-cv-03803 |
| In Re: Automotive Steel Tubes | : | Case No. 2:16-cv-04003 |
| In Re: Access Mechanisms | : | Case No. 2:16-cv-04103 |
| In Re: Side Door Latches | : | Case No. 2:17-cv-11637 |
| THIS DOCUMENT RELATES TO:<br>END-PAYOR ACTIONS | : : : | |

**ORDER REGARDING END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

The above litigation duly came on for hearing before the Court on the End-Payor Plaintiffs' ("EPPs") motions for an award of attorneys' fees and reimbursement of litigation expenses.

The Court has reviewed the memorandum submitted by EPPs in support of their motions and has also reviewed all of the declarations and submissions relating to the motions filed with the Court. Pursuant to notice given to the Settlement Classes[1] in accordance with the Court's orders, the Court held a hearing on August 1, 2018 to consider the motions.

Based on the entire record of these proceedings and in consideration of all of the submissions and filings made with respect to Plaintiffs' application, and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Court has granted final approval to the settlements referred to by the parties and the Court as the Round 3 Settlements in its Order Granting Final Approval to the Round 3 Settlements.[2] The Court has considered the submissions of the parties and the relevant case law and authority relating to the motions and concludes that awards of attorneys' fees and reimbursement of expenses to EPP Counsel to be paid out of the proceeds of the Round 3 Settlements are appropriate under Federal Rules of Civil Procedure 23(h) and 54(d)(2). Notice of the motions for fees and reimbursement of expenses was provided to the potential Settlement Class members pursuant to, and in compliance with, the orders of the Court by direct and

---

[1] Defined terms not otherwise defined herein shall have the meanings ascribed to those terms as noted in Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and the papers associated with that motion.

[2] EPPs filed their motions for an award of attorneys' fees and reimbursement of litigation expenses in the cases that are being settled as to the Settling Defendants that are parties to the Round 3 Settlements. This Order will accordingly be separately entered as an order in each specific case docket to which it applies.

published notice and a settlement website that identified and made available for inspection the Court's long form notice and filings in this litigation. The notice given regarding the motions fully satisfied the requirements of Federal Rule of Civil Procedure 23 and constitutional due process.

2. The Court has considered the reaction of class members to the fee and expense request. Out of the millions of potential class members who were given notice or who were made aware of the settlements and the fee and expense request, the Court received only one objection to EPPs' motions. That objector, Caitlin Ahearn, voluntarily withdraw her objection with prejudice and without costs as to any party on August 1, 2018, and is thus moot. The Court nonetheless determines that the objection was meritless.

3. The Court engages in a two-part analysis when assessing the reasonableness of a petition seeking an award of attorneys' fees to be paid out of the proceeds of a class action settlement. *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 760 (S.D. Ohio 2007). The Court first determines the method of calculating the attorneys' fees: it applies either the percentage-of-the-fund approach or the lodestar/multiplier method. *Id.*; *Van Horn v. Nationwide Prop. & Cas. Inc. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011).

4. The Court has the discretion to select the appropriate method for calculating attorneys' fees "in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). In common fund cases, whichever method is used, the award of attorneys' fees need only "be reasonable under the circumstances." *Id.* The Court also analyzed and weighed the six factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

5. The Court will award fees to EPPs using the percentage-of-the-fund approach. This method of awarding attorneys' fees is preferred in this District because it conserves judicial resources and aligns the interests of class counsel and the class members. *Rawlings*, 9 F.3d at 515; *In re Packaged Ice Antitrust Litig.*, No. 08-md-01952, 2011 WL 6209188, at *16 (E.D. Mich. Dec. 13, 2011); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 502 (E.D. Mich. 2008); *Cardinal*, 528 F. Supp. 2d at 762 (the Sixth Circuit has "explicitly approved the percentage approach in common fund cases"); *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 12-md-2343, 2014 WL 2946459, *1 (E.D. Tenn. Jun. 30, 2014).

6. Based on the showing made by Settlement Class Counsel, the Court finds that these expenses were reasonably incurred and the Court hereby **GRANTS** EPPs' request for reimbursement of past litigation expenses in the amount of $508,258.53. These litigation expenses, as set forth in the declarations submitted by Settlement Class Counsel, shall be deducted on a *pro rata* basis from the settlement funds available in those cases.

7. The Court authorizes Settlement Class Counsel to pay the expenses of the settlement notice and claims administration from the Round 3 Settlements on a *pro rata* basis.

8. Settlement Class Counsel have requested a fee award equal to 25% of the net settlement funds remaining after the foregoing past litigation expenses have been deducted. The award requested is within the range of fee awards made by courts in this Circuit. *In re Prandin Direct Purchaser Antitrust Litig.*, No. 10-cv-12141, 2015 WL 1396473 (E.D. Mich. Jan. 20, 2015) (awarding one-third of the common fund); *In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *19; *Skelaxin*, 2014 WL 2946459, at *1; *In re Southeastern Milk Antitrust Litig.*, No. 08-md-1000, 2013 WL 2155387, at *8 (E.D. Tenn. May 17, 2013); *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d, 521, 528 (E.D. Ky. 2010); *Bessey v. Packerland Plainwell,*

*Inc.*, No. 4:06-CV-95, 2007 WL 3173972, at *4 (W.D. Mich. 2007); *Delphi*, 248 F.R.D. at 502-03; *In re National Century Financial Enterprises, Inc. Investment Litig.*, 2009 WL 1473975 (S.D. Ohio, May 27, 2009); *Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 503 (E.D. Mich. 2000).

9. As noted below, the Court has previously made interim fee awards equal to 20% of the gross Round 1 Settlements and 20% of the Round 2 Settlements.

10. The Court has considered the six *Ramey* factors in weighing a fee award to counsel for the EPPs: (1) the value of the benefits rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis [*i.e.*, the lodestar cross-check]; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Ramey*, 508 F.2d at 1196.

11. The Court has carefully analyzed the settlements and applied the *Ramey* factors to EPPs' motion and concludes that the factors are met and justify an interim fee award to EPP Counsel. The Round 3 Settlements collectively total approximately $432.8 million and provide substantial cash and non-monetary benefits, including extensive discovery cooperation from all Settling Defendants and injunctive relief prohibiting certain conduct at issue in the litigation from all but a few of the Settling Defendants subject to the Round 3 Settlements.[3]

12. Courts in the Sixth Circuit weigh "society's stake in rewarding attorneys who [obtain favorable outcomes for a class] in order to maintain an incentive to others," and counsel's

---

[3] Cooperation obligations of certain defendants have in certain cases been deemed mostly satisfied once final judgment as to all defendants in those cases has been entered and all appeals, if any, have been exhausted. However, even in these circumstances, the settling defendants are still required to provide cooperation in the form of providing vehicle lists and to produce documents that they produce to other parties.

success in complex antitrust litigation "counsels in favor of a generous fee." *Cardizem*, 218 F.R.D. at 534 (internal quotation marks omitted). The substantial recoveries obtained to date serve the strong public policy of holding accountable those who violate the antitrust laws, thereby promoting fair competition and honest pricing.

13. Class Counsel have worked on a contingent basis and the results of this litigation have never been certain.

14. The legal and factual issues in this litigation are complex and the parties have zealously asserted their claims and defenses. Class Counsel have asserted a number of claims under both federal and state antitrust, consumer protection, and unjust enrichment laws. Because EPPs' claims for damages and restitution are based on the laws of thirty states and the District of Columbia, they face additional substantial burdens. Likewise, issues attendant to serving and conducting discovery against numerous foreign defendants located around the world compound the complexity of this case.

15. The Court is satisfied that these settlements were the result of arm's-length negotiations conducted in good faith by informed and experienced counsel, and, in many cases, with the assistance of highly experienced mediators.

16. The *Ramey* factors and a cross-check of the lodestar incurred by Class Counsel suggest that EPPs are entitled to appropriate compensation to take into account the risks they assumed, the magnitude of work done, and the benefits achieved for the members of the Settlement Classes. Here, Settlement Class Counsel reviewed all EPPs' attorney time submissions received through March 31, 2018, and included detailed information about the resulting lodestar in EPPs' motions. Class Counsels' lodestar in this litigation totals $140,028,027.68, from March 23, 2012 through March 31, 2018, calculated in accordance with

6

Class Counsels' current hourly rates.[4] These rates are reasonable and justified given Class Counsels' many years of experience in prosecuting complex antitrust class actions. Further, the defendants in these cases are represented by some of the most prominent antitrust defense lawyers in the world. Class Counsels' hourly rates are in-line with the market. In each of the Class Counsel firm's declarations, only the most senior attorneys list hourly rates above $700. As the Court noted at the August 1, 2018 hearing, Class Counsels' firms' blended hourly rate is $410. These rates are well in line with the market, with recent reports explaining that senior lawyers at top law firms routinely charge well over $1,000. *See* Sara Randazzo & Jacqueline Palank, *Legal Fees Cross New Mark: $1,500 an Hour*, WALL ST. J., Feb. 9, 2016, available at https://www.wsj.com/articles/legal-fees-reach-new-pinnacle-1-500-anhour-1454960708 ("Despite low inflation and weak demand for legal services, rates at large corporate law firms have risen by 3% to 4% a year since the economic downturn").

17.     Accordingly, the Court **GRANTS** an award of attorneys' fees to Class Counsel in equal to 25% of the Round 3 Settlements, net of expenses. This award, taken together with the prior awards from the Round 1 Settlements and Round 2 Settlements will result in a total award equal to 22.06% of the proceeds of the three rounds of settlements. These attorneys' fees,

---

[4] The Court determines that the time included in connection with the Round 1 and Round 2 Settlement fee requests should be included in the lodestar/multiplier cross-check for the Round 3 Settlements. In calculating the lodestar for purposes of the cross-check, it would be impractical to compartmentalize and isolate the work that Class Counsel did in any particular case at any particular time because all of their work assisted in achieving all of the settlements and has provided and will continue to provide a significant benefit to all of the EPP classes. *See Southeastern Milk*, 2013 U.S. Dist. LEXIS 70167, at *26−27 (rejecting objection based on the proposition that the calculation of class counsel's lodestar should be limited to work performed after the period covered by a prior fee award); *Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142 (9th Cir. 2000) (same).

totaling $108,078,695.37, shall be paid on a *pro rata* basis from the net settlement funds provided by each of the Round 3 Settlements currently before the Court.

18. Using the lodestar/multiplier cross-check methodology and reviewing the total fees awarded against the lodestar generated on these cases from March 23, 2012 to May 31, 2018, the 25% fee awarded results in a lodestar/multiplier of 1.63.[5] Such a multiplier is well within, if not substantially below, the range of reasonable multipliers awarded in similar contingent fee cases. *See In re Prandin*, 2015 WL 1396473, at *14 (awarding attorneys' fees in the amount of one-third of a $19 million settlement fund, which equaled a multiplier of 3.01); *Bailey v. AK Steel Corp.*, No. 06-cv-468, 2008 U.S. Dist. LEXIS 18838, at *8 (S.D. Ohio Feb. 28, 2008) (awarding attorneys' fees with a multiplier of approximately 3.01). This interim fee award is reasonable in light of the complexity of this litigation, the results achieved for the class members to date, the work and labor of Class Counsel, and the risks assumed by Class Counsel.

19. Settlement Class Counsel are authorized to allocate the attorneys' fees awarded herein among counsel who performed work on behalf of EPPs in accordance with Settlement Class Counsel's assessment of each firm's contribution to the prosecution and settlement of these actions.

**IT IS SO ORDERED.**

Date: November 7, 2018        s/Marianne O. Battani
                              MARIANNE O. BATTANI
                              United States District Judge

---

[5] The fees awarded in this motion, $108,078,695.37, combined with the $44,933,670 in fees previously awarded from its Round 1 Settlements and the $75,691,877.98 in fees previously awarded from its Round 2 Settlements, results in a 1.63 multiplier of the total attorneys' fees lodestar of Class Counsel.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 7, 2018.

s/ Kay Doaks
Case Manager
