**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels | Case No. 2:12-cv-00403 |
| In Re: Occupant Safety Systems | Case No. 2:12-cv-00603 |
| In Re: Switches | Case No. 2:13-cv-01303 |
| In Re: Ignition Coils | Case No. 2:13-cv-01403 |
| In Re: Steering Angle Sensors | Case No. 2:13-cv-01603 |
| In Re: Electric Powered Steering Assemblies | Case No. 2:13-cv-01903 |
| In Re: Fuel Injection Systems | Case No. 2:13-cv-02203 |
| In Re: Valve Timing Control Devices | Case No. 2:13-cv-02503 |
| In Re: Air Conditioning Systems | Case No. 2:13-cv-02703 |
| In Re: Automotive Constant Velocity Joint Boot Products | Case No. 2:14-cv-02903 |
| In Re: Automotive Hoses | Case No. 2:15-cv-03203 |
| In Re: Shock Absorbers | Case No. 2:15-cv-03303 |
| In Re: Body Sealing Products | Case No. 2:16-cv-03403 |
| In Re: Interior Trim Products | Case No. 2:16-cv-03503 |
| In Re: Automotive Brake Hoses | Case No. 2:16-cv-03603 |
| In Re: Exhaust Systems | Case No. 2:16-cv-03703 |
| In Re: Ceramic Substrates | Case No. 2:16-cv-03803 |
| In Re: Power Window Switches | Case No. 2:16-cv-03903 |
| In Re: Automotive Steel Tubes | Case No. 2:16-cv-04003 |
| In Re: Side-Door Latches | Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | |

**JOINT DECLARATION OF HOLLIS SALZMAN, MARC M. SELTZER, AND ADAM J. ZAPALA IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS**

Hollis Salzman, Adam J. Zapala, and Marc M. Seltzer jointly declare as follows:

1. Hollis Salzman is an attorney licensed to practice law in the States of New York, New Jersey, and Florida, and a partner at the law firm of Robins Kaplan LLP. Adam J. Zapala is an attorney licensed to practice law in the State of California and a partner at the law firm of Cotchett, Pitre & McCarthy, LLP. Marc M. Seltzer is an attorney licensed to practice law in the State of California and a partner at the law firm of Susman Godfrey L.L.P. They are each admitted to practice before this Court, and collectively they are Interim Co-Lead Class Counsel ("Class Counsel" or "Co-Lead Counsel") for the End-Payor Plaintiffs ("EPPs") in *In re Automotive Parts Antitrust Litigation*, MDL No. 12-md-2311 ("*Auto Parts*").

2. Each declares that she or he has personal knowledge of the matters set forth herein, and if called upon to testify thereto, could do so competently. Each makes this declaration pursuant to 28 U.S.C. § 1746.

3. The firms representing EPPs ("EPP Class Counsel") in this case, including Class Counsel, took this case on a contingent fee basis, and without any guarantee of compensation or reimbursement for the millions of dollars of time and expenses they devoted to this litigation beginning in 2012.

4. Antitrust class actions of the size and magnitude of *Auto Parts* are among the most difficult and complex actions to prosecute. EPP Class Counsel represent more than 50 class representatives, pursuing claims under federal law and the laws of 30 states and the District of Columbia, on behalf of classes of consumers and business that purchased or leased new vehicles not for resale containing certain automotive parts. Class Counsel are presently aware of more than forty different automotive parts subject to bid rigging and price-fixing by the leading suppliers of automotive parts.

5. Since March 2012, EPP Class Counsel, at the direction of Class Counsel, have devoted significant time to this litigation. To date, their activities have included:

- Performing extensive research into the worldwide automotive parts industry, as well as the federal antitrust laws and the antitrust, consumer protection, and unjust enrichment laws of at least 30 states and the District of Columbia;
- Researching and drafting scores of class action complaints, including more than 70 amended complaints, incorporating extensive new factual information obtained as a result of additional investigation, document review, and proffers and interviews of witnesses made available by certain settling and cooperating Defendant groups;
- Successfully opposing dozens of motions to dismiss filed by Defendant groups through extensive briefing and oral argument before the Court;
- Reviewing and analyzing millions of pages of English and foreign language documents (many of which Class Counsel and the attorneys working with them were required to translate) produced by Defendants;
- Drafting and coordinating discovery with all Plaintiff groups against over 100 Defendants, as well as preparing and arguing numerous contested discovery motions;
- Meeting with Defendants' counsel in connection with factual proffers obtained pursuant to the cooperation provisions of settlement agreements or the Antitrust Criminal Penalty Enhancement Reform Act, and interviewing key witnesses from various Defendant groups, including abroad and in federal prison in the United States;
- Coordinating the actions of EPPs, and sometimes of all Plaintiff groups, with the United States Department of Justice ("DOJ");
- Obtaining, analyzing and producing thousands of pages of documents and data from more than 50 EPP class representatives, and responding to multiple rounds of detailed Interrogatories propounded by more than 10 separate sets of Defendant groups;
- Spearheading the drafting and negotiation of written discovery, discovery plans, protocols, and stipulations with Defendant and different Plaintiff groups;
- Exchanging information and coordinating with counsel for Direct Purchaser Plaintiffs, Automobile Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, and State Attorneys General regarding various case and settlement issues;

- Preparing for and defending more than 50 EPP class representative depositions;

- Preparing for and taking the depositions of more than 190 Defendant witnesses in the U.S. and abroad;

- Participating in or reviewing the results of more than 140 depositions of automotive dealer class representatives and third-parties;

- Meeting and coordinating with economic and industry experts to analyze facts learned through investigation and discovery;

- Working with experts to discuss and craft appropriate damages methodologies in preparation for class certification, motion practice, and computation of class-wide damages for purposes of trial;

- Spearheading a joint effort between EPPs, Automobile Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, and Defendants to obtain Original Equipment Manufacturer ("OEM") discovery, including drafting, serving, and negotiating over 100 subpoenas directed to at least 17 OEM groups, taking numerous depositions, participating in mediations, drafting and successfully arguing two motions to compel discovery and subsequently drafting both general and OEM-specific orders governing production, and negotiating for months to obtain both upstream and downstream OEM discovery;

- Preparing for class certification motions by, among other things, analyzing tens of thousands of documents and other discovery, conducting numerous depositions and interviews, working closely with experts and economists, and coordinating with both Plaintiff and Defendant groups to obtain essential discovery from OEM families;

- Performing the numerous settlement-related tasks necessary to achieve more than 70 settlements totaling over $1.2 billion, the largest indirect purchaser recovery in U.S. history. These tasks included analyzing economic evidence and data and formulating settlement demands; engaging in extensive arm's-length negotiations with Defendant groups, dozens of in-person meetings, countless other communications, and in many instances, working with the assistance of outside neutral mediators; negotiating and preparing drafts of settlement agreements; preparing preliminary approval motions and escrow agreements for each settlement; briefing and arguing responses to settlement objections before this Court and on appeal;

- Crafting, in consultation with EPPs' class-notice expert, four extensive notice programs that were approved by the Court, including the most recent July 2019 class notice program;

- Responding to objections to the settlements and ensuring the settlements will be available to the classes years earlier than would be the case if litigation against Defendants continued through trial and appeal; and

- Creating an efficient and effective plan of allocation for the settlements, including a methodology for calculating the value of claims under the plan of allocation.

6. Discovery in this litigation is ongoing in the *Exhaust Systems* action as IPPs continue to litigate against the single non-settling Defendant Group (Bosal) and non-parties, including General Motors. EPP Class Counsel continue their investigation, discovery, and analysis necessary to file a class certification motion in the remaining *Exhaust Systems* case and to bring that case to trial.

7. Beginning in the fall of 2012, Class Counsel engaged in arm's-length discussions and negotiations with highly experienced defense counsel regarding the potential resolution of EPPs' claims. Over the next several years, Class Counsel had numerous discussions, including by email, conference calls, in-person meetings, and mediations. The efforts of Class Counsel resulted in settlements totaling $224,668,350 between EPPs and eleven settling defendants ("Round 1 Settlements"), additional settlements totaling $379,401,268 between EPPs and twelve settling defendants ("Round 2 Settlements"), and additional settlements totaling $432,823,040 between EPPs and 33 settling defendants ("Round 3 Settlements"), all of which have been finally approved. *See, e.g.*, *Wire Harness*, No. 2:12-cv-00103, ECF Nos. 497, 512; *Wire Harness*, No. 2:12-cv-00103, ECF No. 576; *Wire Harness*, No. 2:12-cv-00103, ECF No. 628.

8. EPPs have now reached settlements with an additional 17 settling defendants ("Round 4 Settlements"), making available an additional $183,958,000 million (excluding the settlement with the Reorganized TK Holdings Trust pursuant to the company's bankruptcy

proceeding) for the benefit of the settlement classes included in the Round 4 Settlements ("Round 4 Settlement Classes").

9. The Defendants included in the Round 4 Settlements ("Round 4 Settling Defendants") are:

a. Brose SchlieBsysteme GmbH & Co. Kommanditgesellschaft and Brose North America (collectively, "Brose") in *Side-Door Latches*;

b. Corning International Kabushiki Kaisha and Corning Incorporated (collectively, "Corning") in *Ceramic Substrates*;

c. Delphi Technologies PLC, and Delphi Powertrain Systems, LLC (together, "Delphi") in *Ignition Coils*;

d. Green Tokai Co., Ltd. ("Green Tokai") in *Body Sealing Products*;

e. Keihin Corporation and Keihin North America, Inc. (collectively, "Keihin") in *Fuel Injection Systems*;

f. KYB Corporation (f/k/a Kayaba Industry Co., Ltd.) and KYB Americas Corporation (collectively, "KYB") in *Shock Absorbers*;

g. Maruyasu Industries, Co., Ltd. and Curtis-Maruyasu America, Inc. (collectively, "Maruyasu") in *Fuel Injection Systems* and *Automotive Steel Tubes*;

h. Meritor, Inc. f/k/a ArvinMeritor, Inc. ("Meritor") in *Exhaust Systems*;

i. Mikuni Corporation ("Mikuni") in *Fuel Injection Systems* and *Valve Timing Control Devices*;

j. Mitsubishi Heavy Industries, Ltd. and Mitsubishi Heavy Industries Climate Control, Inc. (collectively, "Mitsubishi Heavy") in *Air Conditioning Systems*;

k. Panasonic Corporation and Panasonic Corporation of North America (together, "Panasonic") in *Air Conditioning Systems*;

l. Sanoh Industrial Co., Ltd. and Sanoh America, Inc. (collectively, "Sanoh") in *Automotive Steel Tubes*;

m. Showa Corporation and American Showa, Inc. (collectively, "Showa") in *Electric Powered Steering Assemblies* and *Shock Absorbers*;

n. Reorganized TK Holdings Trust ("TKH") in *Occupant Safety Systems*;

o. Tokai Rika, Co. Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc. (collectively, "Tokai Rika") in *Heater Control Panels*, *Switches*, *Steering Angle Sensors*, and *Occupant Safety Systems*;

p. Toyo Denso Co., Ltd. and Weastec, Inc. (collectively, "Toyo Denso") in *Ignition Coils* and *Power Window Switches*; and

q. Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., TG Missouri Corp., TG Kentucky, LLC, TG Missouri Corp., and TG Fluid Systems USA Corp. (collectively, "Toyoda Gosei") in *Occupant Safety Systems*, *Automotive Constant Velocity Joint Boot Products*, *Automotive Hoses*, *Body Sealing Products*, *Interior Trim Products*, and *Automotive Brake Hoses*.

10. Each of the settlements was negotiated by experienced counsel on all sides. The settlements are the result of arm's length negotiations by the parties, some of which took months and involved numerous rounds of discussion, most with experienced mediators, including the Court-appointed Settlement Master. For each proposed settlement before the Court, counsel on each side were informed by the discovery obtained to date and the claims and defenses asserted.

11. EPP Class Counsel have dedicated many thousands of attorney and staff hours to the prosecution of this litigation. Class Counsel closely monitored and coordinated the efforts of nationwide counsel representing EPPs to maximize efficiency, minimize duplication of efforts and costs, and eliminate unnecessary billing.

12. Class Counsel directed the firms working for EPPs to keep contemporaneous time and expense records and to only undertake work at the direction of Co-Lead Counsel. Class Counsel provided EPP Class Counsel with specific instructions regarding what time may be submitted to the Court and how such time must be recorded. Class Counsel have closely monitored the work of the firms working for EPPs to ensure efficiency and avoid unauthorized and unnecessary work. All detailed time and expense records submitted by EPP Class Counsel have been reviewed and vetted by Class Counsel.

13. Due to the interrelated nature of the cases, and the overlapping nature of Defendants' conspiracies, much of the work conducted by EPP Class Counsel in one case provides a substantial benefit to EPPs in the other cases. A number of examples are provided below.

14. First, EPP Class Counsel argued for and obtained an Order requiring Defendants across all cases to take a single deposition of each EPP Class Representative. This saved significant amounts of time and resources across all the cases and benefited all the classes.

15. Second, the time devoted to responding to Defendants' motions to dismiss, which have been filed in more than 25 cases, and drafting and negotiating stipulations and protocols in the early cases provided a template for use in all of the later-filed cases. In that way, the time devoted to the early-filed EPP cases benefited the EPP classes in the remaining cases.

16. Third, EPP Class Counsel drafted, served, and negotiated subpoenas directed to the OEMs. These OEMs purchased the price-fixed automotive parts, installed them in new vehicles, and are alleged to have subsequently passed-on the overcharge in the price of a new vehicle. The subpoenas covered all parts in *Auto Parts* and will ensure that the parties are not required to engage in the burdensome process of seeking this information 41 or more separate times, depending upon the ultimate number of cases in the *Auto Parts* action.

17. Fourth, analysis of documents and proffers in one case provides EPP Class Counsel with innumerable benefits in other cases. For instance, during the initial stages of the review of documents in *Wire Harness*, each reviewing attorney was still learning about the automotive parts industry. This understanding naturally increased throughout the review process and enabled reviewing attorneys to review, process, and analyze documents in subsequent cases more effectively and efficiently.

18. Fifth, certain expenses incurred early in the litigation through serving each foreign Defendant pursuant to the Hague Convention were not incurred in subsequently filed cases because many foreign Defendants were then served through their U.S counsel, saving EPPs tens of thousands of dollars in these subsequently-filed actions.

19. Sixth, EPPs proposed and entered into stipulations with Defendants that enabled the parties to brief certain collective issues across multiple cases simultaneously rather than being required to separately brief the issues on a case-by-case basis. *See, e.g.*, Modified Stipulation and Order Regarding Motions to Dismiss, *Fuel Injection Systems*, 2:l3-cv-02203, ECF No. 53.

20. Seventh, stipulations and other protocols negotiated in the earlier-filed cases served as templates for similar stipulations and protocols in the remaining cases. For instance, the parties spent a year negotiating the deposition protocol in *Wire Harness*, and then used that as a basis for the negotiation of deposition protocols for dozens of other cases. *See, e.g.*, Wire Harness Deposition Protocol Order, *Wire Harness*, 2:12-cv-00100, ECF No. 315. Recently, EPPs spearheaded the drafting of discovery protocols and orders in the single remaining case, using the same templates previously used in other cases, so that the parties are only required to devote time and resources negotiating very case-specific issues, such as class certification motion dates.

21. Finally, expenses incurred in connection with document review and experts benefited EPP classes in all cases. For example, the time and expenses incurred by Class Counsel consulting with economic experts, particularly on issues of pass-through and damages, is largely applicable to and benefits each EPP case within *Auto Parts*.

22. Class Counsel and the firms working under their direction since 2012 have invested an extraordinary amount of time and money in prosecuting this multifaceted litigation that they

could have devoted to working on other matters. EPP Class Counsel have invested more than seven years in actively pursuing this litigation.

## I. AWARD OF ATTORNEYS' FEES

23. Class Counsel respectfully request a fee award of 22% from each settlement reached in the Round 4 Settlements, which equals $40,470,760.00, plus a pro rata share of the interest carried thereon. Class Counsel propose that the attorneys' fees be awarded and allocated among the settlement funds on a pro rata basis, as set forth in Figure 1 below.

**Figure 1**

| Auto Parts Round 4 Settlements and Settlement Funds | | | | |
|---|---|---|---|---|
| **Round 4 Settling Defendant** | **Automotive Parts Case** | **Settlement Fund** | **Percent Total Settlement Fund** | **Allocation of Fees** |
| Brose | Side-Door Latches | $2,280,000.00 | 1.24% | $501,600.00 |
| Corning | Ceramic Substrates | $26,600,000.00 | 14.46% | $5,852,000.00 |
| Delphi | Ignition Coils | $760,000.00 | 0.41% | $167,200.00 |
| Green Tokai | Body Sealing Products | $950,000.00 | 0.52% | $209,000.00 |
| Keihin | Fuel Injection Systems | $836,000.00 | 0.45% | $183,920.00 |
| KYB | Shock Absorbers | $28,880,000.00 | 15.70% | $6,353,600.00 |
| Maruyasu | Fuel Injection Systems | $108,699.85 | 0.06% | $23,913.97 |
| | Automotive Steel Tubes | $5,211,300.15 | 2.83% | $1,146,486.03 |
| Meritor | Exhaust Systems | $760,000.00 | 0.41% | $167,200.00 |
| Mikuni | Fuel Injection Systems | $2,675,200.00 | 1.45% | $588,544.00 |
| | Valve Timing Control Devices | $668,800.00 | 0.36% | $147,136.00 |
| Mitsubishi Heavy | Air Conditioning Systems | $6,840,000.00 | 3.72% | $1,504,800.00 |
| Panasonic | Air Conditioning Systems | $760,000.00 | 0.41% | $167,200.00 |
| Sanoh | Automotive Steel Tubes | $8,360,000.00 | 4.55% | $1,839,200.00 |
| Showa | Electric Powered Steering Assemblies | $4,133,735.39 | 2.25% | $909,421.79 |
| | Shock Absorbers | $9,926,264.61 | 5.40% | $2,183,778.21 |
| TKH | Occupant Safety Systems | N/A[1] | N/A | N/A |
| Tokai Rika | Heater Control Panels | $1,366,578.08 | 0.74% | $300,647.18 |
| | Switches | $3,410,260.64 | 1.85% | $750,257.34 |
| | Steering Angle Sensors | $677,714.01 | 0.37% | $149,097.08 |
| | Occupant Safety Systems | $28,745,447.27 | 15.63% | $6,323,998.40 |

[1] Pursuant to a settlement with TKH in a bankruptcy proceeding, Settlement Class Counsel has secured a $53,200,000 authorized claim against TKH, but they can expect to receive only a small fraction of this amount for distribution to the class.

| Auto Parts Round 4 Settlements and Settlement Funds | | | | |
|---|---|---|---|---|
| **Round 4 Settling Defendant** | **Automotive Parts Case** | **Settlement Fund** | **Percent Total Settlement Fund** | **Allocation of Fees** |
| Toyo Denso | Ignition Coils | $760,000.00 | 0.41% | $167,200.00 |
| | Power Window Switches | $4,408,000.00 | 2.40% | $969,760.00 |
| Toyoda Gosei | Occupant Safety Systems | $5,797,725.14 | 3.15% | $1,275,499.53 |
| | Automotive Constant Velocity Joint Boot Products | $716,505.10 | 0.39% | $157,631.12 |
| | Automotive Hoses | $5,428,166.52 | 2.95% | $1,194,196.64 |
| | Body Sealing Products | $27,148,653.36 | 14.76% | $5,972,703.74 |
| | Interior Trim Products | $5,089,493.68 | 2.77% | $1,119,688.61 |
| | Automotive Brake Hoses | $659,456.20 | 0.36% | $145,080.36 |
| | **Total** | **$183,958,000.00 (Excluding TKH)** | **100% (Excluding TKH)** | **$40,470,760.00 (Excluding TKH)** |

24. EPP Class Counsel's hourly rates are in line with current market rates and reflect rates similar to those charged on a usual and customary basis by the EPP Class Counsel firms for their services.

25. From March 23, 2012, when Class Counsel were appointed, through September 30, 2019, EPP Class Counsel have spent a combined 380,975.60 hours pursuing EPPs' claims. In total, EPP Class Counsel's hours expended yield a "lodestar" of $154,782,333.18. When combined with the $44,933,670.00 fee awarded for the First Round Settlement Amount, the $75,691,877.98 fee awarded for the Second Round Settlement Amount, the $108,078,695.37 fee awarded for the Third Round Settlement Amount,[2] the requested Round 4 fee award would bring the total awarded fees to date to $269,175,003.35 which is approximately 22.05% of the Rounds 1, 2, 3, and 4 settlements, which total $1,220,850,658, excluding the yet to be determined TKH settlement amount. The resulting lodestar multiplier is approximately 1.74.

[2] *See Wire Harness*, No. 2:12-cv-00103-MOB-MKM, ECF 626 n.5 (Nov. 7, 2018).

26. Exhibit A summarizes the total hours and lodestar for the period April 1, 2018 through September 30, 2019 and certain costs and litigation expenses incurred by EPP Class Counsel in pursuing the claims in this litigation during that same time period.

27. The Compendium to Exhibit A contains 23 declarations of EPP Class Counsel (Exhibits 4-26), and three additional declarations from Co-Lead Class Counsel (Exhibits 1-3), who performed services during the period April 1, 2018 through September 30, 2019 and/or incurred costs and litigation expenses.

## II. REIMBURSEMENT OF COSTS

28. EPP Class Counsel will also obtain reimbursement of $156,124.80 in costs and expenses from the litigation fund. This figure reflects individual costs and expenses incurred by each EPP Class Counsel firm between April 1, 2018 through September 30, 2019. These costs and expenses include fees for legal research, travel for court appearances, and witness interviews, expert fees, and other reasonable litigation costs and expenses. EPP Class Counsel incurred these expenses without any guarantee of recovery.

29. EPP Class Counsel also notes that they reserve the right to seek additional fees and costs at the conclusion of the litigation.

## III. REQUEST FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES

30. EPP Class Counsel are also seeking approval to pay each remaining named Plaintiff who substantially participated in the End-Payor Plaintiff Auto Parts cases a single monetary incentive award.

31. EPP Class Counsel seek approval for payments to two distinct groups: (1) $5,000 to each of the five Class Representatives who provided Class Counsel with information and documents or otherwise participated in discovery; and (2) $10,000 to each of the fifty-four Class

Representatives who, in addition to engaging in the activities of the first group, also appeared for a deposition in conjunction with these cases, and in most cases provided interrogatory responses.

32. A specific chart listing each of the Class Representatives and denoting their specific significant contribution, including the discovery burden placed upon them, is set forth in Figures 2A and 2B below.

**Figure 2A**

| **Incentive Award Group 1<br>$5,000 Requested** | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Number of Cases In Which Named Plaintiff** | **Activities Performed to Support the Class** |
| Butler | Jane | 1 of 41<br><br>(*In Re: Side-Door Latches*) | Served as named class representative and provided Class Counsel with information and documents. |
| Croom | Melissa | 1 of 41<br><br>(*In Re: Automotive Constant Velocity Joint Boot Products*) | Served as named class representative and provided Class Counsel with information and documents. |
| Dillard | Theresia | 30 of 41 | Served as named class representative, provided Class Counsel with information and documents, and provided interrogatory responses. |
| Phelps | James | 1 of 41<br><br>(*In Re: Side-Door Latches*) | Served as named class representative and provided Class Counsel with information and documents. |
| Vander Meulen | Bonnie | 1 of 41<br><br>(*In Re: Side-Door Latches*) | Served as named class representative and provided Class Counsel with information and documents. |
| **Total Proposed Award Amount** | | | **$25,000.00** |

**Figure 2B**

| Incentive Award Group 2<br>$10,000 Requested | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Number Cases In Which Named Plaintiff** | **Activities Performed to Support the Class** |
| Adams | Ifeoma | 24 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Ascher | Halley | 37 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Asken | Gregory | 38 of 41 | Served as named class representative, provided Class Counsel with information and documents, and appeared for a deposition. |
| Barron | Melissa | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Bennett | Kimberly | 38 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Bernstein | David | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Blau | Ron | 38 of 41 | Served as named class representative, provided Class Counsel with information and |

| Incentive Award Group 2<br>$10,000 Requested | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Number Cases In Which Named Plaintiff** | **Activities Performed to Support the Class** |
| | | | documents, provided interrogatory responses, and appeared for a deposition. |
| Burgos | Tenisha | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Busek | Kent | 39 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Chase | Jennifer | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Cornish | Rita | 38 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Croom | Nathan | 39 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Curtis | Lori | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |

| Incentive Award Group 2<br>$10,000 Requested | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Number Cases In Which Named Plaintiff** | **Activities Performed to Support the Class** |
| DeCastro | Jessica | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Farrell | Alena | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Fitzgerald | Jane | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Gammell-Roach | Frances H. | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Gibbs | Caroll | 37 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Gilels | Dori | 38 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Grala | Jason | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided |

| Incentive Award Group 2<br>$10,000 Requested | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Number Cases In Which Named Plaintiff** | **Activities Performed to Support the Class** |
| | | | interrogatory responses, and appeared for a deposition. |
| Groves | Ian | 32 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Gunnerson | Curtis | 35 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Gustafson | Paul[3] | 15 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Halverson | Tom | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition |
| Harr | Curtis | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Hedlund | Andrew | 37 of 41 | Served as named class representative, provided Class |

[3] It should be noted that Paul Gustafson was a Class Representative in several cases, including in Round 4 Settlement cases, such as *In Re: Ceramic Substrates* and *In Re: Exhaust Systems*. He is now deceased but EPPs seek an incentive award on behalf of his Estate.

| Incentive Award Group 2<br>$10,000 Requested | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Number Cases In Which Named Plaintiff** | **Activities Performed to Support the Class** |
| | | | Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Herr | Gary Arthur | 37 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Hollingsworth | John W. | 38 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Kashishian | Carol Ann | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Kaufman | Elizabeth | 39 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Klingler | Robert P. | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Klosterman | Kelly | 37 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |

| Incentive Award Group 2<br>$10,000 Requested | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Number Cases In Which Named Plaintiff** | **Activities Performed to Support the Class** |
| Marean | James E. | 39 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| McGinn | Michelle | 22 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Morrow | Rebecca Lynn | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Muscara | Edward T. | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Nickell | Stacey R. | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| O'Keefe-Zelman | Sophie | 39 of 41 | Served as named class representative, provided Class Counsel with information and documents, and appeared for a deposition. |
| Olson | Roger D. | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided |

| Incentive Award Group 2<br>$10,000 Requested | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Number Cases In Which Named Plaintiff** | **Activities Performed to Support the Class** |
| | | | interrogatory responses, and appeared for a deposition. |
| Picotte | William Dale | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Porter | Whitney | 38 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Prince | Cindy | 41 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Rice | Janne | 39 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Rice | Robert M., Jr. | 39 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Senior | Darrel | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Shah | Meetesh | 39 of 41 | Served as named class representative, provided Class |

| Incentive Award Group 2<br>$10,000 Requested | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Number Cases In Which Named Plaintiff** | **Activities Performed to Support the Class** |
| | | | Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Sherman | Darcy C. | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Shoaf | Erica J. | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Stukey | Arthur | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Tawney | Kathleen A. | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Taylor | Jane | 38 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Uehara | Keith | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |

| Incentive Award Group 2<br>$10,000 Requested | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Number Cases In Which Named Plaintiff** | **Activities Performed to Support the Class** |
| Wick | Michael | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| Young | Phillip G. | 40 of 41 | Served as named class representative, provided Class Counsel with information and documents, provided interrogatory responses, and appeared for a deposition. |
| **Total Proposed Award Amount** | | | **$540,000.00** |

33. EPP Class Counsel seek only a single monetary award for participation as a Class Representative on behalf of EPPs in the multitude of different part cases in this MDL. And plaintiffs who were dismissed from the case, all of whom were dismissed without prejudice, are not requested to receive any award.

34. The requested incentive awards total to $565,000. This represents only 0.3% of the Round Four Settlement Funds.

35. Class Counsel believe this award amount is fair and reasonable in light of the contribution made by Class Representatives.

36. EPP Class Counsel request this amount to be paid from each of the settlement funds on a pro rata basis, as set forth in Figure 3 below.

**Figure 3**

| Auto Parts Round 4 Settlements and Settlement Funds | | | | |
|---|---|---|---|---|
| **Round 4 Settling Defendant** | **Automotive Parts Case** | **Settlement Fund** | **Percent Total Settlement Fund** | **Allocation of Incentive Awards** |
| Brose | Side-Door Latches | $2,280,000.00 | 1.24% | $7,002.69 |
| Corning | Ceramic Substrates | $26,600,000.00 | 14.46% | $81,698.00 |
| Delphi | Ignition Coils | $760,000.00 | 0.41% | $2,334.23 |
| Green Tokai | Body Sealing Products | $950,000.00 | 0.52% | $2,917.79 |
| Keihin | Fuel Injection Systems | $836,000.00 | 0.45% | $2,567.65 |
| KYB | Shock Absorbers | $28,880,000.00 | 15.70% | $88,700.68 |
| Maruyasu | Fuel Injection Systems | $108,699.85 | 0.06% | $333.86 |
| | Automotive Steel Tubes | $5,211,300.15 | 2.83% | $16,005.74 |
| Meritor | Exhaust Systems | $760,000.00 | 0.41% | $2,334.23 |
| Mikuni | Fuel Injection Systems | $2,675,200.00 | 1.45% | $8,216.48 |
| | Valve Timing Control Devices | $668,800.00 | 0.36% | $2,054.12 |
| Mitsubishi Heavy | Air Conditioning Systems | $6,840,000.00 | 3.72% | $21,008.06 |
| Panasonic | Air Conditioning Systems | $760,000.00 | 0.41% | $2,334.23 |
| Sanoh | Automotive Steel Tubes | $8,360,000.00 | 4.55% | $25,676.51 |
| Showa | Electric Powered Steering Assemblies | $4,133,735.39 | 2.25% | $12,696.16 |
| | Shock Absorbers | $9,926,264.61 | 5.40% | $30,487.07 |
| TKH | Occupant Safety Systems | $53,200,000.00 | N/A | N/A |
| Tokai Rika | Heater Control Panels | $1,366,578.08 | 0.74% | $4,197.24 |
| | Switches | $3,410,260.64 | 1.85% | $10,474.12 |
| | Steering Angle Sensors | $677,714.01 | 0.37% | $2,081.50 |
| | Occupant Safety Systems | $28,745,447.27 | 15.63% | $88,287.42 |
| Toyo Denso | Ignition Coils | $760,000.00 | 0.41% | $2,334.23 |
| | Power Window Switches | $4,408,000.00 | 2.40% | $13,538.53 |
| Toyoda Gosei | Occupant Safety Systems | $5,797,725.14 | 3.15% | $17,806.86 |
| | Automotive Constant Velocity Joint Boot Products | $716,505.10 | 0.39% | $2,200.64 |
| | Automotive Hoses | $5,428,166.52 | 2.95% | $16,671.82 |
| | Body Sealing Products | $27,148,653.36 | 14.76% | $83,383.10 |
| | Interior Trim Products | $5,089,493.68 | 2.77% | $15,631.63 |
| | Automotive Brake Hoses | $659,456.20 | 0.36% | $2,025.42 |
| | **Total** | **$183,958,000.00 (Excluding TKH)** | **100% (Excluding TKH)** | **$565,000.00** |

Dated: October 31, 2019

*/s/ Hollis Salzman*
Hollis Salzman
**ROBINS KAPLAN LLP**

*/s/ Marc M. Seltzer*
Marc M. Seltzer
**SUSMAN GODFREY L.L.P.**

*/s/ Adam J. Zapala*
Adam J. Zapala
**COTCHETT, PITRE & McCARTHY, LLP**