# Exhibit A to Joint Declaration

# EXHIBIT A

## In re: Automotive Parts Antitrust Litigation

### Summary of EPP Class Counsel's Fees and Expenses for the Period April 1, 2018 - September 30, 2019

| Firm Name | Hours | Lodestar | Expenses |
|---|---|---|---|
| **Co-Lead Firms** | | | |
| Susman Godfrey L.L.P. | 6,201.70 | $3,292,322.50 | $70,008.11 |
| Robins Kaplan LLP | 6,675.80 | $3,646,270.00 | $41,045.39 |
| Cotchett, Pitre & McCarthy, LLP | 6,234.10 | $2,503,912.50 | $38,245.35 |
| **Liason Counsel** | | | |
| The Miller Law Firm, P.C. | 2,876.80 | $1,140,474.00 | $4,945.85 |
| **Non Co-Lead Firms** | | | |
| Ademi & O'Reilly, LLP | 154.40 | $59,911.00 | $12.16 |
| Bonnett, Fairbourn, Friedman & Balint, P.C. | 36.20 | $7,240.00 | $0.00 |
| Cafferty Clobes Meriwether & Sprengel LLP | 1,252.80 | $428,800.00 | $0.00 |
| Dampier Law Firm, P.C. | 2,125.70 | $702,189.50 | $0.00 |
| Danna McKitrick, P.C. | 6.40 | $4,480.00 | $0.00 |
| Donald L. Schlapprizzi, PC | 5.80 | $1,740.00 | $45.20 |
| Goldman Scarlato & Penny, P.C. | 241.00 | $72,300.00 | $67.35 |
| Gross & Belsky P.C. | 463.30 | $144,277.50 | $0.00 |
| Gustafson Gluek PLLC | 2,516.40 | $894,197.50 | $599.20 |
| Hagens Berman LLP | 1,595.80 | $697,295.00 | $270.55 |
| Kirkpatrick & Goldsborough, PLLC | 5.60 | $1,960.00 | $0.00 |
| Levin Sedran & Berman LLP | 7.70 | $3,225.00 | $176.37 |
| McCracken, Stemerman & Holsberry, LLP | 1.50 | $1,000.00 | $0.00 |
| Stoll Stoll Berne Lokting & Shlachter P.C. | 1.20 | $540.00 | $0.00 |
| Straus & Boies, LLP | 214.70 | $82,955.50 | $0.00 |
| Taus, Cebulash & Landau, LLP | 1,190.00 | $416,500.00 | $0.00 |
| The Law Offices of Sylvie Kulkin Kern | 1.10 | $907.50 | $0.00 |
| The Saunders Law Firm | 1.20 | $960.00 | $0.00 |
| Tycko & Zavareei LLP | 664.40 | $199,320.00 | $77.50 |
| Weinstein Kitchenoff & Asher LLC | 1,177.00 | $412,410.00 | $54.10 |
| Wyatt & Blake, LLP | 2.90 | $2,030.00 | $63.50 |
| Zelle LLP | 80.60 | $37,088.00 | $514.17 |
| **Total** | **33,734.10** | **$14,754,305.50** | **$156,124.80** |

# Compendium of Firm Declarations

**Index of Compendium to Exhibit A**

| Exhibit No. | Description |
|---|---|
| 1 | Declaration of Susman Godfrey L.L.P. By: Marc Seltzer |
| 2 | Declaration of Robins Kaplan LLP By: Hollis Salzman |
| 3 | Declaration of Cotchett, Pitre & McCarthy, LLP By: Adam Zapala |
| 4 | Declaration of The Miller Law Firm, P.C. By: E. Powell Miller |
| 5 | Declaration of Ademi & O'Reilly, LLP By: Shpetim Ademi |
| 6 | Declaration of Bonnett, Fairbourn, Friedman & Balint, P.C. By: Elaine A. Ryan |
| 7 | Declaration of Cafferty Clobes Meriwether & Sprengel LLP By: Patrick E. Cafferty |
| 8 | Declaration of The Dampier Law Firm, P.C. By: M. Stephen Dampier |
| 9 | Declaration of Danna McKitrick, P.C. By: Robert L. Devereux |
| 10 | Declaration of Donald L. Schlapprizzi, PC By: Donald L. Schlapprizzi |
| 11 | Declaration of Goldman Scarlato & Penny, P.C. By: Brian D. Penny |
| 12 | Declaration of Gross & Belsky P.C. By: Adam C. Belsky |
| 13 | Declaration of Gustafson Gluek PLLC By: Jason S. Kilene |
| 14 | Declaration of Hagens Berman LLP By: Anthony D. Shapiro |
| 15 | Declaration of Kirkpatrick & Goldsborough, PLLC By: Mary G. Kirkpatrick |
| 16 | Declaration of Levin Sedran & Berman LLP By: Howard J. Sedran |
| 17 | Declaration of McCracken, Stemerman, & Holsberry, LLP By: Sarah Grossman-Swenson |
| 18 | Declaration of Stoll Stoll Berne Lokting & Shlachter P.C. By: Steve D. Larson |
| 19 | Declaration of Straus & Boies, LLP By: Nathan Cihlar |
| 20 | Declaration of Taus, Cebulash & Landau, LLP By: Kevin Landau |
| 21 | Declaration of The Law Offices of Sylvie Kulkin Kern By: Sylvie Kulkin Kern |
| 22 | Declaration of The Saunders Law Firm By: Terry Rose Saunders |
| 23 | Declaration of Tycko & Zavareei LLP By: Hassan A. Zavareei |
| 24 | Declaration of Weinstein Kitchenoff & Asher LLC By: Robert S. Kitchenoff |
| 25 | Declaration of Wyatt & Blake, LLP By: James F. Wyatt, III |
| 26 | Declaration of Zelle LLP By: Christopher T. Micheletti |

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF MARC M. SELTZER IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS**

I, Marc M. Seltzer, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am a partner at the law firm of Susman Godfrey L.L.P., and my firm is one of the Interim Co-Lead Counsel for End-Payor Plaintiffs ("Class Counsel" or "Co-Lead Counsel") in the above-entitled litigation ("*Auto Parts*").

2. I declare that I have personal knowledge of the matters set forth herein, and if called upon to testify thereto, could do so competently. I make this declaration pursuant to 28 U.S.C. § 1746.

3. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees and Payment of Incentive Awards to Class Representatives in Connection with the Round 4 Settlements. The Round 4 Settlements were reached with the following Defendants in the following actions:

a. Brose SchlieBsysteme GmbH & Co. Kommanditgesellschaft and Brose North America (collectively, "Brose") in *Side-Door Latches*;

b. Corning International Kabushiki Kaisha and Corning Incorporated (collectively, "Corning") in *Ceramic Substrates*;

c. Delphi Technologies PLC, and Delphi Powertrain Systems, LLC (together, "Delphi") in *Ignition Coils*;

d. Green Tokai Co., Ltd. ("Green Tokai") in *Body Sealing Products*;

e. Keihin Corporation and Keihin North America, Inc. (collectively, "Keihin") in *Fuel Injection Systems*;

f. KYB Corporation (f/k/a Kayaba Industry Co., Ltd.) and KYB Americas Corporation (collectively, "KYB") in *Shock Absorbers*;

g. Maruyasu Industries, Co., Ltd. and Curtis-Maruyasu America, Inc. (collectively, "Maruyasu") in *Fuel Injection Systems* and *Automotive Steel Tubes*;

h. Meritor, Inc. f/k/a ArvinMeritor, Inc. ("Meritor") in *Exhaust Systems*;

i. Mikuni Corporation ("Mikuni") in *Fuel Injection Systems* and *Valve Timing Control Devices*;

j. Mitsubishi Heavy Industries, Ltd. and Mitsubishi Heavy Industries Climate Control, Inc. (collectively, "Mitsubishi Heavy") in *Air Conditioning Systems*;

k. Panasonic Corporation and Panasonic Corporation of North America (together, "Panasonic") in *Air Conditioning Systems*;

l. Sanoh Industrial Co., Ltd. and Sanoh America, Inc. (collectively, "Sanoh") in *Automotive Steel Tubes*;

m. Showa Corporation and American Showa, Inc. (collectively, "Showa") in *Electric Powered Steering Assemblies* and *Shock Absorbers*;

n. Reorganized TK Holdings Trust ("TKH") in *Occupant Safety Systems*;

o. Tokai Rika, Co. Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc. (collectively, "Tokai Rika") in *Heater Control Panels*, *Switches*, *Steering Angle Sensors*, and *Occupant Safety Systems*;

p. Toyo Denso Co., Ltd. and Weastec, Inc. (collectively, "Toyo Denso") in *Ignition Coils* and *Power Window Switches*; and

q. Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., TG Missouri Corp., TG Kentucky, LLC, TG Missouri Corp., and TG Fluid Systems USA Corp. (collectively, "Toyoda Gosei") in *Occupant Safety Systems*, *Automotive Constant Velocity Joint Boot Products*, *Automotive Hoses*, *Body Sealing Products*, *Interior Trim Products*, and *Automotive Brake Hoses*.

4. Since March 2012, I and members of my firm have been engaged in all aspects of this litigation, as we have been throughout the duration of *Auto Parts*. Collectively, EPP Class Counsel have performed the following services on behalf of the End-Payor Plaintiffs ("EPPs"):

- Performing extensive research into the worldwide automotive parts industry, as well as the federal antitrust laws and the antitrust, consumer protection, and unjust enrichment laws of at least 30 states and the District of Columbia;

- Researching and drafting scores of class action complaints, including more than 70 amended complaints, incorporating extensive new factual information obtained as a result of additional investigation, document review, and proffers and interviews of witnesses made available by certain settling and cooperating Defendant groups;

- Successfully opposing dozens of motions to dismiss filed by Defendant groups through extensive briefing and oral argument before the Court;

- Reviewing and analyzing millions of pages of English and foreign language documents (many of which Class Counsel and the attorneys working with them were required to translate) produced by Defendants;

- Drafting and coordinating discovery with all Plaintiff groups against over 100 Defendants, as well as preparing and arguing numerous contested discovery motions;

- Meeting with Defendants' counsel in connection with factual proffers obtained pursuant to the cooperation provisions of settlement agreements or the Antitrust Criminal Penalty Enhancement Reform Act, and interviewing key witnesses from various Defendant groups, including abroad and in federal prison in the United States;

- Coordinating the actions of EPPs, and sometimes of all Plaintiff groups, with the United States Department of Justice ("DOJ");

- Obtaining, analyzing and producing thousands of pages of documents and data from more than 50 EPP class representatives, and responding to multiple rounds of detailed Interrogatories propounded by more than 10 separate sets of Defendant groups;

- Spearheading the drafting and negotiation of written discovery, discovery plans, protocols, and stipulations with Defendant and different Plaintiff groups;

- Exchanging information and coordinating with counsel for Direct Purchaser Plaintiffs, Automobile Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, and State Attorneys General regarding various case and settlement issues;
- Preparing for and defending more than 50 EPP class representative depositions;

- Preparing for and taking the depositions of more than 190 Defendant witnesses in the U.S. and abroad;

- Participating in or reviewing the results of more than 140 depositions of automotive dealer class representatives and third-parties;

- Meeting and coordinating with economic and industry experts to analyze facts learned through investigation and discovery;

- Working with experts to discuss and craft appropriate damages methodologies in preparation for class certification, motion practice, and computation of class-wide damages for purposes of trial;

- Spearheading a joint effort between EPPs, Automobile Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, and Defendants to obtain Original Equipment Manufacturer ("OEM") discovery, including drafting, serving, and negotiating over 100 subpoenas directed to at least 17 OEM groups, taking numerous depositions, participating in mediations, drafting and successfully arguing two motions to compel discovery and subsequently drafting both general and OEM-specific orders governing production, and negotiating for months to obtain both upstream and downstream OEM discovery;

- Preparing for class certification motions by, among other things, analyzing tens of thousands of documents and other discovery, conducting numerous depositions and interviews, working closely with experts and economists, and coordinating with both Plaintiff and Defendant groups to obtain essential discovery from OEM families;

- Performing the numerous settlement-related tasks necessary to achieve more than 70 settlements totaling over $1.2 billion, the largest indirect purchaser recovery in U.S. history. These tasks included analyzing economic evidence and data and formulating settlement demands; engaging in extensive arm's-length negotiations with Defendant groups, dozens of in-person meetings, countless other communications, and in many instances, working with the assistance of outside neutral mediators; negotiating and preparing drafts of settlement agreements; preparing preliminary approval motions and escrow agreements for each settlement; briefing and arguing responses to settlement objections before this Court and on appeal;

- Crafting, in consultation with EPPs' class-notice expert, four extensive notice programs that were approved by the Court, including the most recent July 2019 class notice program;

- Responding to objections to the settlements and ensuring the settlements will be available to the classes years earlier than would be the case if litigation against Defendants continued through trial and appeal; and

- Creating an efficient and effective plan of allocation for the settlements, including a methodology for calculating the value of claims under the plan of allocation.

5. Since our appointment as Class Counsel for the EPPs, my firm has, together with our Co-Lead Counsel, supervised the activities of all counsel for the EPPs in prosecuting this litigation, which has to date resulted in a recovery of more than $1.2 billion for the benefit of the settlement classes, the largest indirect purchaser recover in U.S. history. All of this work has been done on an entirely contingent fee basis in what is without doubt one of the most complex set of antitrust cases in the history of the antitrust laws.

6. The schedule attached as Exhibit A sets forth my firm's total hours and attorneys' fee lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018, through September 30, 2019.

7. My firm's total lodestar for this period is $3,292,322.50. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm and which have been periodically reported to Class Counsel. Work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

8. The total number of hours expended in this litigation by my firm from March 2, 2012 through September 30, 2018 is 51,374.80. The total attorneys' fee lodestar for my firm is $23,736,937.90. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services.

9. Class Counsel will be reimbursed from the litigation fund for certain expenses incurred. As detailed in Exhibit B, my firm has incurred a total of $70,008.11 in unreimbursed costs and expenses in this litigation, during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be reimbursed.

10. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the costs and expenses incurred.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 31st day of October, 2019 at Los Angeles, California.

Marc Seltzer

Marc M. Seltzer
**SUSMAN GODFREY L.L.P.**

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: SUSMAN GODREY LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Farleigh, Jenna | A | $525.00 | 592.9 | $311,272.50 |
| Issacharoff, Lucas* | A | $525.00 | 517.3 | $271,582,50 |
| Langham, Chanler | P | $650.00 | 580.0 | $377,000.00 |
| Moreno, Graciela | OT | $125.00 | 3.0 | $375.00 |
| Oxford, Terrell W. | P | $900.00 | 26.5 | $23,850.00 |
| Sato, Ken (Non-Document Review) | SA | $375.00 | 287.0 | $107,625.00 |
| Sato, Ken (Foreign-Language Document Review) | SA | Reduction Applied to $350.00 | 951.0 | $332,850.00 |
| Seltzer, Marc M. | P | $1,500.00 | 764.9 | $1,147,350.00 |
| Shepard, Steven | P | $750.00 | 18.9 | $14,175.00 |
| Short, Floyd G. | P | $700.00 | 408.10 | $285,670.00 |
| Sklaver, Steven G. | P | $900.00 | 7.0 | $6,300.00 |
| Tse, Shing* | SA | $300.00 | 13.1 | $3,930.00 |
| Welch, Sarah* | S | $125.00 | 21.0 | $2,625.00 |
| Wojtczak, Richard A. | PL | $275.00 | 359.00 | $98,725.00 |
| Yagihashi, Hiroyuki (Non-Document Review) | SA | $375.00 | 527.00 | $197,625.00 |
| Yagihashi, Hiroyuki (Foreign-Language Document Review) | SA | Reduction Applied to $350.00 | 909.0 | $318,150.00 |
| Yagihashi, Hiroyuki (English-Language Document Review) | SA | Reduction Applied to $300.00 | 216.0 | $64,800.00 |
| **Grand Total** | | | **6,201.7** | **$3,292,322.50** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)
Briefing Attorney (BA)
Other Timekeeper (OT)
Staff Attorney (SA)
Summer Associate (S)

* *Attorneys and paralegals no longer with Susman Godfrey L.L.P. Their hourly rates shown above are the rates customarily charged for their services at the time they left the firm*

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: SUSMAN GODREY LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $4,308.91 |
| Filing / Misc. Fees | $1,152.92 |
| Overnight Delivery/Messengers | $989.02 |
| Photocopying | $7,624.30 |
| Postage | $0.00 |
| Service of Process Fees | $0.00 |
| Telephone / Fax | $1,525.14 |
| Transportation / Meals / Lodging | $52,581.22 |
| Co-Counsel Fees | $0.00 |
| Expert Fees | $0.00 |
| Secretarial OT / Word Processing | $1,826.60 |
| Court Reporter Service/Transcript Fees | $0.00 |
| Microfilm / Video / Disks Duplication | $0.00 |
| **TOTAL** | **$70,008.11** |

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | : : : : : : : : : : : : : : : : : : : : : : : | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | : : | |

**DECLARATION OF HOLLIS SALZMAN IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS**

I, Hollis Salzman, declare and state as follows:

1. I am an attorney duly licensed to practice law in the states of New York, New Jersey, and Florida. I am a partner at the law firm of Robins Kaplan LLP, and my firm is one of

the Interim Co-Lead Counsel for End-Payor Plaintiffs ("Class Counsel" or "Co-Lead Counsel") in the above-entitled litigation ("*Auto Parts*").

2. I declare that I have personal knowledge of the matters set forth herein, and if called upon to testify thereto, could do so competently. I make this Declaration pursuant to 28 U.S.C. § 1746.

3. I submit this Declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees and Payment of Incentive Awards to Class Representatives in Connection with the Round 4 Settlements. The Round 4 Settlements were reached with the following Defendants in the following actions:

a. Brose SchlieBsysteme GmbH & Co. Kommanditgesellschaft and Brose North America (together, "Brose") in *Side-Door Latches*;

b. Corning International Kabushiki Kaisha and Corning Incorporated (together, "Corning") in *Ceramic Substrates*;

c. Delphi Technologies PLC, and Delphi Powertrain Systems, LLC (together, "Delphi") in *Ignition Coils*;

d. Green Tokai Co., Ltd. ("Green Tokai") in *Body Sealing Products*;

e. Keihin Corporation and Keihin North America, Inc. (together, "Keihin") in *Fuel Injection Systems*;

f. KYB Corporation (f/k/a Kayaba Industry Co., Ltd.) and KYB Americas Corporation (together, "KYB") in *Shock Absorbers*;

g. Maruyasu Industries, Co., Ltd. and Curtis-Maruyasu America, Inc. (together, "Maruyasu") in *Fuel Injection Systems and Automotive Steel Tubes*;

h. Meritor, Inc. f/k/a ArvinMeritor, Inc. ("Meritor") in *Exhaust Systems*;

i. Mikuni Corporation ("Mikuni") in *Fuel Injection Systems and Valve Timing Control Devices*;

j. Mitsubishi Heavy Industries, Ltd. and Mitsubishi Heavy Industries Climate Control, Inc. (collectively, "Mitsubishi Heavy") in *Air Conditioning Systems*;

k. Panasonic Corporation and Panasonic Corporation of North America (together, "Panasonic") in *Air Conditioning Systems*;

l. Sanoh Industrial Co., Ltd. and Sanoh America, Inc. (together, "Sanoh") in *Automotive Steel Tubes*;

m. Showa Corporation and American Showa, Inc. (together, "Showa") in *Electric Powered Steering Assemblies and Shock Absorbers*;

n. Reorganized TK Holdings Trust ("TKH") in *Occupant Safety Systems*;

o. Tokai Rika, Co. Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc. (together, "Tokai Rika") in *Heater Control Panels, Switches, Steering Angle Sensors, and Occupant Safety Systems*;

p. Toyo Denso Co., Ltd. and Weastec, Inc. (together, "Toyo Denso") in *Ignition Coils* and *Power Window Switches*; and

q. Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., TG Missouri Corp., TG Kentucky, LLC, TG Missouri Corp., and TG Fluid Systems USA Corp. (collectively, "Toyoda Gosei") in *Occupant Safety Systems, Automotive Constant Velocity Joint Boot Products, Automotive Hoses, Body Sealing Products, Interior Trim Products*, and *Automotive Brake Hoses.*

4. Since March 2012, I and members of my firm have been engaged in all aspects of this litigation, as we have been throughout the duration of *Auto Parts*. Collectively, EPP Class Counsel have performed the following services on behalf of the End-Payor Plaintiffs ("EPPs"):

- Performing extensive research into the worldwide automotive parts industry, as well as the federal antitrust laws and the antitrust, consumer protection, and unjust enrichment laws of at least 30 states and the District of Columbia;

- Researching and drafting scores of class action complaints, including more than 70 amended complaints, incorporating extensive new factual information obtained as a result of additional investigation, document review, and proffers and interviews of

witnesses made available by certain settling and cooperating Defendant groups;

- Successfully opposing dozens of motions to dismiss filed by Defendant groups through extensive briefing and oral argument before the Court;

- Reviewing and analyzing millions of pages of English and foreign language documents (many of which Class Counsel and the attorneys working with them were required to translate) produced by Defendants;

- Drafting and coordinating discovery with all Plaintiff groups against over 100 Defendants, as well as preparing and arguing numerous contested discovery motions;

- Meeting with Defendants' counsel in connection with factual proffers obtained pursuant to the cooperation provisions of settlement agreements or the Antitrust Criminal Penalty Enhancement Reform Act, and interviewing key witnesses from various Defendant groups, including abroad and in federal prison in the United States;

- Coordinating the actions of EPPs, and sometimes of all Plaintiff groups, with the United States Department of Justice ("DOJ");

- Obtaining, analyzing, and producing thousands of pages of documents and data from more than 50 EPP class representatives, and responding to multiple rounds of detailed Interrogatories propounded by more than 10 separate sets of Defendant groups;

- Spearheading the drafting and negotiation of written discovery, discovery plans, protocols, and stipulations with Defendant and different Plaintiff groups;

- Exchanging information and coordinating with counsel for Direct Purchaser Plaintiffs, Automobile Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, and State Attorneys General regarding various case and settlement issues;

- Preparing for and defending more than 50 EPP class representative depositions;

- Preparing for and taking the depositions of more than 190 Defendant witnesses in the U.S. and abroad;

- Participating in or reviewing the results of more than 140 depositions of automotive dealer class representatives and third-parties;

- Meeting and coordinating with economic and industry experts to analyze facts learned through investigation and discovery;

- Working with experts to discuss and craft appropriate damages methodologies in preparation for class certification, motion practice, and computation of class-wide damages for purposes of trial;

- Spearheading a joint effort between EPPs, Automobile Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, and Defendants to obtain Original Equipment Manufacturer ("OEM") discovery, including drafting, serving, and negotiating over 100 subpoenas directed to at least 17 OEM groups, taking numerous depositions, participating in mediations, drafting and successfully arguing two motions to compel discovery and subsequently drafting both general and OEM-specific orders governing production, and negotiating for months to obtain both upstream and downstream OEM discovery;

- Preparing for class certification motions by, among other things, analyzing tens of thousands of documents and other discovery, conducting numerous depositions and interviews, working closely with experts and economists, and coordinating with both Plaintiff and Defendant groups to obtain essential discovery from OEM families;

- Performing the numerous settlement-related tasks necessary to achieve more than 70 settlements totaling over $1.2 billion, the largest indirect purchaser recovery in U.S. history. These tasks included analyzing economic evidence and data and formulating settlement demands; engaging in extensive arm's-length negotiations with Defendant groups, dozens of in-person meetings, countless other communications, and in many instances, working with the assistance of outside neutral mediators; negotiating and preparing drafts of settlement agreements; preparing preliminary approval motions and escrow agreements for each settlement; briefing and arguing responses to settlement objections before this Court and on appeal;

- Crafting, in consultation with EPPs' class-notice expert, four extensive notice programs that were approved by the Court, including the most recent July 2019 class notice program;

- Responding to objections to the settlements and ensuring the settlements will be available to the classes years earlier than would be the case if litigation against Defendants continued through trial and appeal; and

- Creating an efficient and effective plan of allocation for the settlements, including a methodology for calculating the value of claims under the plan of allocation.

5. Since our appointment as Class Counsel for the EPPs, my firm has, together with our Co-Lead Counsel, supervised the activities of all counsel for the EPPs in prosecuting this litigation, which has to date resulted in a recovery of more than $1.2 billion for the benefit of the settlement classes, the largest indirect purchaser recovery in U.S. history. All of this work has been done on an entirely contingent fee basis in what is without doubt one of the most complex set of antitrust cases in the history of the antitrust laws.

6. The schedule attached as Exhibit A sets forth my firm's total hours and attorneys' fee lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019.

7. My firm's total lodestar for this period is $3,646,270.00. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm and which have been periodically reported to Class Counsel. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

8. The total number of hours expended in this litigation by my firm from March 2, 2012 through September 30, 2019 is 55,427.6. The total attorneys' fee lodestar for my firm is $28,964,714.00. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services.

9. Class Counsel will be reimbursed from the litigation fund for certain expenses incurred. As detailed in Exhibit B, my firm has incurred a total of $41,045.39 in unreimbursed costs and expenses in this litigation, during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be reimbursed.

10. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 31st day of October, 2019, at New York, New York.

Hollis Salzman
**ROBINS KAPLAN LLP**

**Exhibit A**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Robins Kaplan LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Hollis Salzman | P | $925.00 | 641.9 | $593,757.50 |
| Scott F. Gautier | P | $875.00 | 18.7 | $16,362.50 |
| Aaron M. Sheanin | P | $840.00 | 29.0 | $24,360.00 |
| Tai S. Milder | P | $795.00 | 232.4 | $184,758.00 |
| William V. Reiss | P | $775.00 | 972.4 | $753,610.00 |
| Minyao Wang | P | $675.00 | 5.1 | $3,442.50 |
| Bernard Persky | OC | $950.00 | 37.6 | $35,720.00 |
| David B. Rochelson | A | $610.00 | 434.2 | $264,862.00 |
| Noelle Feigenbaum | A | $545.00 | 684.8 | $373,216.00 |
| Dinah M. Reese | A | $530.00 | 416.3 | $220,639.00 |
| Bridget S. Stubblefield | A | $465.00 | 13.9 | $6,463.50 |
| Shannon R. Rozell | A | $465.00 | 46.2 | $21,483.00 |
| Robert M Gore | A | $465.00 | 691.1 | $321,361.50 |
| Dinah M. Reese (Doc Rev) | A | $350.00 | 615.0 | $215,250.00 |
| Jle A. Tarpeh | PL | $335.00 | 42.4 | $14,204.00 |
| Jeffrey D. Baum | PL | $335.00 | 722.0 | $241,870.00 |
| Ryan S. Willoughby | PL | $335.00 | 950.9 | $318,551.50 |
| Audra M. O'Rourke | PL | $320.00 | 9.5 | $3,040.00 |
| Vivian M. Enck | PL | $310.00 | 2.7 | $837.00 |
| Mabel Marte | PL | $250.00 | 94.4 | $23,600.00 |
| Richard R. Zabel | O | $690.00 | 10.3 | $7,107.00 |
| Congnan Zhan | O | $355.00 | 5.0 | $1,775.00 |
| **TOTALS** | | | **6,675.8** | **$3,646,270.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)
Other (O)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Robins Kaplan LLP**

**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $6,238.99 |
| Filing / Misc. Fees | $300.00 |
| Overnight Delivery/Messengers | $462.75 |
| Photocopying | $2,268.64 |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | $1,099.49 |
| Transportation / Meals / Lodging | $29,600.52 |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| Data Hosting | $1,075.00 |
| **TOTAL** | **$41,045.39** |

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00403 |
| In Re: Occupant Safety Systems | : | Case No. 2:12-cv-00603 |
| In Re: Switches | : | Case No. 2:13-cv-01303 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01403 |
| In Re: Steering Angle Sensors | : | Case No. 2:13-cv-01603 |
| In Re: Electric Powered Steering Assemblies | : | Case No. 2:13-cv-01903 |
| In Re: Fuel Injection Systems | : | Case No. 2:13-cv-02203 |
| In Re: Valve Timing Control Devices | : | Case No. 2:13-cv-02503 |
| In Re: Air Conditioning Systems | : | Case No. 2:13-cv-02703 |
| In Re: Automotive Constant Velocity Joint Boot Products | : | Case No. 2:14-cv-02903 |
| In Re: Automotive Hoses | : | Case No. 2:15-cv-03203 |
| In Re: Shock Absorbers | : | Case No. 2:15-cv-03303 |
| In Re: Body Sealing Products | : | Case No. 2:16-cv-03403 |
| In Re: Interior Trim Products | : | Case No. 2:16-cv-03503 |
| In Re: Automotive Brake Hoses | : | Case No. 2:16-cv-03603 |
| In Re: Exhaust Systems | : | Case No. 2:16-cv-03703 |
| In Re: Ceramic Substrates | : | Case No. 2:16-cv-03803 |
| In Re: Power Window Switches | : | Case No. 2:16-cv-03903 |
| In Re: Automotive Steel Tubes | : | Case No. 2:16-cv-04003 |
| In Re: Side-Door Latches | : | Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | : | |

**DECLARATION OF ADAM J. ZAPALA IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS**

I, Adam J. Zapala, declare and state as follows:

1. I am an attorney duly licensed to practice law in the state of California. I am a Partner at the law firm of Cotchett, Pitre & McCarthy, LLP, and my firm is one of the Interim Co-Lead Counsel for End-Payor Plaintiffs ("Class Counsel" or "Co-Lead Counsel") in the above-entitled litigation ("*Auto Parts*").

2. I declare that I have personal knowledge of the matters set forth herein, and if called upon to testify thereto, could do so competently. I make this Declaration pursuant to 28 U.S.C. § 1746.

3. I submit this Declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees and Payment of Incentive Awards to Class Representatives in Connection with the Round 4 Settlements. The Round 4 Settlements were reached with the following Defendants in the following actions:

a. Brose SchlieBsysteme GmbH & Co. Kommanditgesellschaft and Brose North America (together, "Brose") in *Side-Door Latches*;

b. Corning International Kabushiki Kaisha and Corning Incorporated (together, "Corning") in *Ceramic Substrates*;

c. Delphi Technologies PLC, and Delphi Powertrain Systems, LLC (together, "Delphi") in *Ignition Coils*;

d. Green Tokai Co., Ltd. ("Green Tokai") in *Body Sealing Products*;

e. Keihin Corporation and Keihin North America, Inc. (together, "Keihin") in *Fuel Injection Systems*;

f. KYB Corporation (f/k/a Kayaba Industry Co., Ltd.) and KYB Americas Corporation (together, "KYB") in *Shock Absorbers*;

g. Maruyasu Industries, Co., Ltd. and Curtis-Maruyasu America, Inc. (together, "Maruyasu") in *Fuel Injection Systems* and *Automotive Steel Tubes*;

h. Meritor, Inc. f/k/a ArvinMeritor, Inc. ("Meritor") in *Exhaust Systems*;

i. Mikuni Corporation ("Mikuni") in *Fuel Injection Systems* and *Valve Timing Control Devices*;

j. Mitsubishi Heavy Industries, Ltd. and Mitsubishi Heavy Industries Climate Control, Inc. (together, "Mitsubishi Heavy") in *Air Conditioning Systems*;

k. Panasonic Corporation and Panasonic Corporation of North America (together, "Panasonic") in *Air Conditioning Systems*;

l. Sanoh Industrial Co., Ltd. and Sanoh America, Inc. (together, "Sanoh") in *Automotive Steel Tubes*;

m. Showa Corporation and American Showa, Inc. (together, "Showa") in *Electric Powered Steering Assemblies* and *Shock Absorbers*;

n. Reorganized TK Holdings Trust ("TKH") in *Occupant Safety Systems*;

o. Tokai Rika, Co. Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc. (together, "Tokai Rika") in *Heater Control Panels*, *Switches*, *Steering Angle Sensors*, and *Occupant Safety Systems*;

p. Toyo Denso Co., Ltd. and Weastec, Inc. (together, "Toyo Denso") in *Ignition Coils* and *Power Window Switches*; and

q. Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., TG Missouri Corp., TG Kentucky, LLC, TG Missouri Corp., and TG Fluid Systems USA Corp. (together, "Toyoda Gosei") in *Occupant Safety Systems*, *Automotive Constant Velocity Joint Boot Products*, *Automotive Hoses*, *Body Sealing Products*, *Interior Trim Products*, and *Automotive Brake Hoses*.

4. Since March 2012, I and members of my firm have been engaged in all aspects of this litigation, as we have been throughout the duration of *Auto Parts*. Collectively, Class Counsel have performed the following services on behalf of the End-Payor Plaintiffs ("EPPs"):

- Performing extensive research into the worldwide automotive parts industry as well as the federal antitrust laws and the antitrust, consumer protection, and unjust enrichment laws of at least 30 states and the District of Columbia;

- Researching and drafting scores of class action complaints, including more than 70 amended complaints, incorporating extensive new factual information obtained as a result of additional investigation, document review, and proffers and interviews of witnesses made available by certain settling and cooperating Defendant groups;

- Successfully opposing dozens of motions to dismiss filed by Defendant groups through extensive briefing and oral argument before the Court;

- Reviewing and analyzing millions of pages of English and foreign language documents (many of which Class Counsel and the attorneys working with them were required to translate) produced by Defendants;

- Drafting and coordinating discovery with all Plaintiff groups against over 100 Defendants as well as preparing and arguing numerous contested discovery motions;

- Meeting with Defendants' counsel in connection with factual proffers obtained pursuant to the cooperation provisions of settlement agreements or the Antitrust Criminal Penalty Enhancement Reform Act, and interviewing key witnesses from various Defendant groups, including abroad and in federal prison in the United States;

- Coordinating the actions of EPPs, and sometimes of all Plaintiff groups, with the United States Department of Justice ("DOJ");

- Obtaining, analyzing, and producing thousands of pages of documents and data from more than 50 EPP class representatives, and responding to multiple rounds of detailed Interrogatories propounded by more than 10 separate sets of Defendant groups;

- Spearheading the drafting and negotiation of written discovery, discovery plans, protocols, and stipulations with Defendant and different Plaintiff groups;

- Exchanging information and coordinating with counsel for Direct Purchaser Plaintiffs, Automobile Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, and State Attorneys General regarding various case and settlement issues;

- Preparing for and defending more than 50 EPP class representative depositions;

- Preparing for and taking the depositions of more than 190 Defendant witnesses in the U.S. and abroad;

- Participating in or reviewing the results of more than 140 depositions of automotive dealer class representatives and third parties;

- Meeting and coordinating with economic and industry experts to analyze facts learned through investigation and discovery;

- Working with experts to discuss and craft appropriate damages methodologies in preparation for class certification, motion practice, and computation of class-wide damages for purposes of trial;

- Spearheading a joint effort between EPPs, Automobile Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, and Defendants to obtain Original Equipment Manufacturer ("OEM") discovery, including drafting, serving, and negotiating over 100 subpoenas directed to at least 17 OEM groups, taking numerous depositions, participating in mediations, drafting and successfully arguing two motions to compel discovery and subsequently drafting both general and OEM-specific orders governing production, and negotiating for months to obtain both upstream and downstream OEM discovery;

- Preparing for class certification motions by, among other things, analyzing tens of thousands of documents and other discovery, conducting numerous depositions and interviews, working closely with experts and economists, and coordinating with both Plaintiff and Defendant groups to obtain essential discovery from OEM families;

- Performing the numerous settlement-related tasks necessary to achieve more than 70 settlements totaling over $1.2 billion, the largest indirect purchaser recovery in U.S. history. These tasks included analyzing economic evidence and data and formulating settlement demands; engaging in extensive arm's-length negotiations with Defendant groups, dozens of in-person meetings, countless other communications, and in many instances, working with the assistance of outside neutral mediators; negotiating and preparing drafts of settlement agreements; preparing preliminary approval motions and escrow agreements for each settlement; briefing and arguing responses to settlement objections before this Court and on appeal;

- Crafting, in consultation with EPPs' class-notice expert, four extensive notice programs that were approved by the Court, including the most recent July 2019 class notice program;

- Responding to objections to the settlements and ensuring the settlements will be available to the classes years earlier than would be the case if litigation against Defendants continued through trial and appeal; and

- Creating an efficient and effective plan of allocation for the settlements, including a methodology for calculating the value of claims under the plan of allocation.

5. Since our appointment as Class Counsel for the EPPs, my firm has, together with our Co-Lead Counsel, supervised the activities of all counsel for the EPPs in prosecuting this litigation, which has to date resulted in a recovery of more than $1.2 billion for the benefit of the settlement classes, the largest indirect purchaser recover in U.S. history. All of this work has been done on an entirely contingent fee basis in what is without doubt one of the most complex set of antitrust cases in the history of the antitrust laws.

6. The schedule attached as Exhibit A sets forth my firm's total hours and attorneys' fee lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019.

7. My firm's total lodestar for this period is $2,503,912.50. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm and which have been periodically reported to Class Counsel. Work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour and at 200 hours per month per reviewer.

8. The total number of hours expended in this litigation by my firm from March 2, 2012 through September 30, 2019 is 61,220.60. The total attorneys' fee lodestar for my firm is $28,077,750.00. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services.

9. Class Counsel will be reimbursed from the litigation fund for certain expenses incurred. As detailed in Exhibit B, my firm has incurred a total of $38,245.35 in unreimbursed costs and expenses in this litigation, during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be reimbursed.

10. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 31st day of October, 2019, at Burlingame, California.

Adam J. Zapala
**Cotchett, Pitre & McCarthy, LLP**

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Cotchett, Pitre & McCarthy, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Cotchett, Joseph W. | P | $950.00 | 3.2 | $3,040.00 |
| Zapala, Adam J. | P | $750.00 | 72.7 | $54,525.00 |
| Castillo, Elizabeth T. | P | $650.00 | 1,398.7 | $909,155.00 |
| Barnett, Alexander E. | A | $600.00 | 45.5 | $27,300.00 |
| Trott, Adam J. | A | $600.00 | 3.7 | $2,220.00 |
| Castillo, Robert | A | $425.00 | 74.0 | $31,450.00 |
| Chen, Tom | A | $350.00 | 1,107.0 | $387,450.00 |
| Liu, Yuedan | A | $350.00 | 779.7 | $272,895.00 |
| Nozaki, Shinichi | A | $350.00 | 300.1 | $105,035.00 |
| Shimamura, Yuka | A | $350.00 | 32.0 | $11,200.00 |
| Sipprell, Matthew | A | $350.00 | 471.0 | $164,850.00 |
| Verducci, Jaclyn | PL | $325.00 | 8.3 | $2,697.50 |
| Caylao, Michael | PL | $275.00 | 3.5 | $962.50 |
| Gaa, Reid | PL | $275.00 | 154.2 | $42,405.00 |
| Lin, Virginia | PL | $275.00 | 1,622.9 | $446,297.50 |
| Lipson, Carlo | PL | $275.00 | 11.3 | $3,107.50 |
| Lyons, Patrick | PL | $275.00 | 137.2 | $37,730.00 |
| Szabados, Linda | PL | $175.00 | 9.1 | $1,592.50 |
| **TOTALS** | | | **6,234.1** | **$2,503,912.50** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Cotchett, Pitre & McCarthy, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $847.88 |
| Filing / Misc. Fees | $1,666.00 |
| Overnight Delivery/Messengers | $901.02 |
| Photocopying | $949.40 |
| Postage | $274.69 |
| Service of Process Fees | |
| Telephone / Fax | $253.51 |
| Transportation / Meals / Lodging | $33,352.85 |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$38,245.35** |

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00403 |
| In Re: Occupant Safety Systems | : | Case No. 2:12-cv-00603 |
| In Re: Switches | : | Case No. 2:13-cv-01303 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01403 |
| In Re: Steering Angle Sensors | : | Case No. 2:13-cv-01603 |
| In Re: Electric Powered Steering Assemblies | : | Case No. 2:13-cv-01903 |
| In Re: Fuel Injection Systems | : | Case No. 2:13-cv-02203 |
| In Re: Valve Timing Control Devices | : | Case No. 2:13-cv-02503 |
| In Re: Air Conditioning Systems | : | Case No. 2:13-cv-02703 |
| In Re: Automotive Constant Velocity Joint Boot Products | :<br>: | Case No. 2:14-cv-02903 |
| | : | |
| | : | Case No. 2:15-cv-03203 |
| In Re: Automotive Hoses | : | Case No. 2:15-cv-03303 |
| In Re: Shock Absorbers | : | Case No. 2:16-cv-03403 |
| In Re: Body Sealing Products | : | Case No. 2:16-cv-03503 |
| In Re: Interior Trim Products | : | Case No. 2:16-cv-03603 |
| In Re: Automotive Brake Hoses | : | Case No. 2:16-cv-03703 |
| In Re: Exhaust Systems | : | Case No. 2:16-cv-03803 |
| In Re: Ceramic Substrates | : | Case No. 2:16-cv-03903 |
| In Re: Power Window Switches | : | Case No. 2:16-cv-04003 |
| In Re: Automotive Steel Tubes | : | Case No. 2:17-cv-04303 |
| In Re: Side-Door Latches | : | |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF E. POWELL MILLER IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF THE MILLER LAW FIRM, P.C.**

I, E. Powell Miller, declare and state as follows:

1. I am a partner at the law firm of The Miller Law Firm, P.C. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of The Miller Law Firm, P.C. and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 2,876.80. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $1,140,474.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm in antitrust class actions. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reinrbursed fronr the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $4,945.85 in umeimbursedcosts and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 30th day of October, 2019 at Rochester, MI.

E. Powell Miller

E. Powell Miller

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: The Miller Law Firm, P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| E. Powell Miller | P | $890.00 | 175.10 | $155,839.00 |
| Marc L. Newman | P | $750.00 | 20.10 | $15,075.00 |
| Sharon Almonrode | P | $775.00 | 0.20 | $155.00 |
| Devon Allard | P | $695.00 | 94.10 | $65,399.50 |
| Lowell Johnson | A | $495.00 | 3.90 | $1,930.50 |
| Mariell McLatcher | A | $475.00 | 50.70 | $24,082.50 |
| Nancy Decker | A | $445.00 | 1.00 | $445.00 |
| Mahde Abdallah | A | $395.00 | 74.90 | $29,585.50 |
| Kristen Guralczyk | A | $375.00 | 0.40 | $150.00 |
| William Kalas | A | $350.00 | 0.20 | $70.00 |
| Denirro Lazar | A | $315.00 | 229.10 | $72,166.50 |
| Angela Baldwin | A | $295.00 | 2.20 | $649.00 |
| Craig Dickinson | A | $285.00 | 0.40 | $114.00 |
| Sheri Haobo Song | DRA | $350.00 | 1,109.00 | $388,150.00 |
| Tracy Greenwood | DRA | $350.00 | 1,094.00 | $382,900.00 |
| Samantha Stenquist | PL | $175.00 | 2.10 | $367.50 |
| Danelle Vanderbeke | PL | $175.00 | 8.60 | $1,505.00 |
| Christi Dumar | PL | $175.00 | 4.80 | $840.00 |
| Sarah Dahlin | PL | $175.00 | 6.00 | $1,050.00 |
| **TOTALS** | | | **2,876.8** | $1,140,474.00 |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)
Document Reviewer (DRA)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: The Miller Law Firm, P.C.**

**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $197.46 |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | $165.89 |
| Photocopying | $4,208.50 |
| Postage | |
| Service of Process Fees | $250.00 |
| Telephone / Fax | |
| Transportation / Meals / Lodging | $124.00 |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$4,945.85** |

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00403 |
| In Re: Occupant Safety Systems | : | Case No. 2:12-cv-00603 |
| In Re: Switches | : | Case No. 2:13-cv-01303 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01403 |
| In Re: Steering Angle Sensors | : | Case No. 2:13-cv-01603 |
| In Re: Electric Powered Steering Assemblies | : | Case No. 2:13-cv-01903 |
| In Re: Fuel Injection Systems | : | Case No. 2:13-cv-02203 |
| In Re: Valve Timing Control Devices | : | Case No. 2:13-cv-02503 |
| In Re: Air Conditioning Systems | : | Case No. 2:13-cv-02703 |
| In Re: Automotive Constant Velocity Joint Boot Products | : : | Case No. 2:14-cv-02903 |
| | : | |
| | : | Case No. 2:15-cv-03203 |
| In Re: Automotive Hoses | : | Case No. 2:15-cv-03303 |
| In Re: Shock Absorbers | : | Case No. 2:16-cv-03403 |
| In Re: Body Sealing Products | : | Case No. 2:16-cv-03503 |
| In Re: Interior Trim Products | : | Case No. 2:16-cv-03603 |
| In Re: Automotive Brake Hoses | : | Case No. 2:16-cv-03703 |
| In Re: Exhaust Systems | : | Case No. 2:16-cv-03803 |
| In Re: Ceramic Substrates | : | Case No. 2:16-cv-03903 |
| In Re: Power Window Switches | : | Case No. 2:16-cv-04003 |
| In Re: Automotive Steel Tubes | : | Case No. 2:17-cv-04303 |
| In Re: Side-Door Latches | : | |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | : : | |

**DECLARATION OF SHPETIM ADEMI IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF ADEMI & O'REILLY, LLP**

I, ShpetimAdemi, declare and state as follows:

1. I am a partner at the law firm of Ademi & O'Reilly, LLP. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive A wards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Ademi & O'Reilly, LLP and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 154.4. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $59,911.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $12.16 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 25th day of October, 2019 at Cudahy, WI.

Shpetim Ademi

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Ademi & O'Reilly, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Shpetim Ademi | P | $750.00 | 24.4 | $18,300.00 |
| John Blythin | A | $450.00 | 4.5 | $2,025.00 |
| Mark Eldridge | A | $410.00 | 17.6 | $7,216.00 |
| Mark Eldridge (Doc Rev.) | A | $300.00 | 6.0 | $1,800.00 |
| Ben Slatky | A | $300.00 | 78.2 | $23,460.00 |
| Jesse Fruchter | A | $300.00 | 23.7 | $7,110.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **154.4** | **$59,911.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Ademi & O'Reilly, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | $10.10 |
| Postage | $0.94 |
| Service of Process Fees | |
| Telephone / Fax | $1.12 |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$12.16** |

# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00403 |
| In Re: Occupant Safety Systems | : | Case No. 2:12-cv-00603 |
| In Re: Switches | : | Case No. 2:13-cv-01303 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01403 |
| In Re: Steering Angle Sensors | : | Case No. 2:13-cv-01603 |
| In Re: Electric Powered Steering Assemblies | : | Case No. 2:13-cv-01903 |
| In Re: Fuel Injection Systems | : | Case No. 2:13-cv-02203 |
| In Re: Valve Timing Control Devices | : | Case No. 2:13-cv-02503 |
| In Re: Air Conditioning Systems | : | Case No. 2:13-cv-02703 |
| In Re: Automotive Constant Velocity Joint Boot Products | :<br>: | Case No. 2:14-cv-02903 |
| | : | |
| | : | Case No. 2:15-cv-03203 |
| In Re: Automotive Hoses | : | Case No. 2:15-cv-03303 |
| In Re: Shock Absorbers | : | Case No. 2:16-cv-03403 |
| In Re: Body Sealing Products | : | Case No. 2:16-cv-03503 |
| In Re: Interior Trim Products | : | Case No. 2:16-cv-03603 |
| In Re: Automotive Brake Hoses | : | Case No. 2:16-cv-03703 |
| In Re: Exhaust Systems | : | Case No. 2:16-cv-03803 |
| In Re: Ceramic Substrates | : | Case No. 2:16-cv-03903 |
| In Re: Power Window Switches | : | Case No. 2:16-cv-04003 |
| In Re: Automotive Steel Tubes | : | Case No. 2:17-cv-04303 |
| In Re: Side-Door Latches | : | |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF ELAINE A. RYAN IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**

I, ELAINE A. RYAN, declare and state as follows:

1. I am a partner at the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Bonnett, Fairbourn, Friedman & Balint, P.C. and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in

connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 36.2. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $7,240.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $0.00 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 24th day of October, 2019 at Phoenix, Arizona.

ELAINE A. RYAN

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Bonnett, Fairbourn, Friedman & Balint, P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| | | | | |
| Carrie A. Laliberte | A | $200.00 | 36.2 | $7,240.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS:** | | | **36.2** | **$7,240.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Bonnett, Fairbourn, Friedman & Balint, P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL:** | **$0.00** |

# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF PATRICK E. CAFFERTY IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

I, Patrick E. Cafferty, declare and state as follows:

1. I am a partner at the law firm of Cafferty Clobes Meriwether & Sprengel LLP. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees and Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Cafferty Clobes Meriwether & Sprengel LLP and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in

connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 1,252.8. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $428,800.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred $0.00 unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 25th day of October, 2019 at Ann Arbor, Michigan.

Patrick E. Cafferty

**Exhibit A**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Cafferty Clobes Meriwether & Sprengel LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Andy Morris | (EL) | $300.00 | 193.6 | $58,080.00 |
| Yuka K. Hazelton | (JL) | $350.00 | 1,059.2 | $370,720.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **1,252.8** | **$428,800.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)
English language document review (EL)
Japanese language document review (JL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Cafferty Clobes Meriwether & Sprengel LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$0.00** |

# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00403 |
| In Re: Occupant Safety Systems | : | Case No. 2:12-cv-00603 |
| In Re: Switches | : | Case No. 2:13-cv-01303 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01403 |
| In Re: Steering Angle Sensors | : | Case No. 2:13-cv-01603 |
| In Re: Electric Powered Steering Assemblies | : | Case No. 2:13-cv-01903 |
| In Re: Fuel Injection Systems | : | Case No. 2:13-cv-02203 |
| In Re: Valve Timing Control Devices | : | Case No. 2:13-cv-02503 |
| In Re: Air Conditioning Systems | : | Case No. 2:13-cv-02703 |
| In Re: Automotive Constant Velocity Joint Boot Products | :<br>: | Case No. 2:14-cv-02903 |
| | : | |
| | : | Case No. 2:15-cv-03203 |
| In Re: Automotive Hoses | : | Case No. 2:15-cv-03303 |
| In Re: Shock Absorbers | : | Case No. 2:16-cv-03403 |
| In Re: Body Sealing Products | : | Case No. 2:16-cv-03503 |
| In Re: Interior Trim Products | : | Case No. 2:16-cv-03603 |
| In Re: Automotive Brake Hoses | : | Case No. 2:16-cv-03703 |
| In Re: Exhaust Systems | : | Case No. 2:16-cv-03803 |
| In Re: Ceramic Substrates | : | Case No. 2:16-cv-03903 |
| In Re: Power Window Switches | : | Case No. 2:16-cv-04003 |
| In Re: Automotive Steel Tubes | : | Case No. 2:17-cv-04303 |
| In Re: Side-Door Latches | : | |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF M. STEPHEN DAMPIER IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF THE DAMPIER LAW FIRM, P.C.**

I, M. Stephen Dampier, declare and state as follows:

1. I am a partner at the law firm of the Dampier Law Firm, P.C. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of the Dampier Law Firm, P.C. and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 2,125.7. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $702,189.50. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $0.00 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check

records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 25th day of October, 2019 at Fairhope, AL.

M. Stephen Dampier

**Exhibit A**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: The Dampier Law Firm, P.C.**

**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| M. Stephen Dampier | P | $585.00 | 7.7 | $4,504.50 |
| Steven A. Schaefer | A | $350.00 | 1,245.7 | $435,995.00 |
| John A. Ioannou | A | $300.00 | 872.3 | $261,690.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **2,125.7** | **$702,189.50** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: The Dampier Law Firm, P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$0.00** |

# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF ROBERT L. DEVEREUX IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF DANNA MCKITRICK, P.C.**

I, Robert L. Devereux, declare and state as follows:

1. I am a partner at the law firm of Danna McKitrick, P.C. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Danna McKitrick P.C. and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 6.4. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $4,480.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed form the litigation fund. As detailed in Exhibit B, my firm has incurred no costs or expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 25th day of October, 2019 at St. Louis, Missouri.

Robert L. Devereux

4844-7375-1722, v. 1

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Danna McKitrick, P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Robert L. Devereux | P | $700.00 | 6.4 | $4,480.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **6.4** | **$4,480.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

## Exhibit B

### In re: Automotive Parts Antitrust Litigation

**Firm Name: Danna McKitrick, P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $0.00 |
| Filing / Misc. Fees | $0.00 |
| Overnight Delivery/Messengers | $0.00 |
| Photocopying | $0.00 |
| Postage | $0.00 |
| Service of Process Fees | $0.00 |
| Telephone / Fax | $0.00 |
| Transportation / Meals / Lodging | $0.00 |
| Co-Counsel Fees | $0.00 |
| Expert Fees | $0.00 |
| Secretarial OT / Word Processing | $0.00 |
| Court Reporter Service/Transcript Fees | $0.00 |
| Microfilm / Video / Disks Duplication | $0.00 |
| **TOTAL** | **$0.00** |

# EXHIBIT 10

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF DONALD L. SCHLAPPRIZZI IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF DONALD L. SCHLAPPRIZZI, PC**

I, Donald L. Schlapprizzi, declare and state as follows:

1. I am a partner at the law firm of Donald L. Schlapprizzi, PC I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Donald L. Schlapprizzi, PC and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 5.80 hours. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $1,740.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $45.20 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 24 day of October, 2019 at St. Louis, Missouri

Donald L. Schlapprizzi

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name:** Donald L. Schlapprizzi, PC
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Donald L. Schlapprizzi | P | $300.00 | 5.8 | $1,740.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | **300.0** | **5.8** | **$1,740.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name:** Donald L. Schlapprizzi, PC
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | |
| Postage | $45.20 |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$45.20** |

# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF BRIAN D. PENNY IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF GOLDMAN SCARLATO & PENNY, P.C.**

I, Brian D Penny, declare and state as follows:

1. I am a partner at the law firm of Goldman Scarlato & Penny, P.C. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Goldman Scarlato & Penny, P.C. and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g., Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 241. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $72,300.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $67.35 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 25th day of October, 2019 at Conshohocken, PA.

Brian D. Penny, Esquire

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Goldman Scarlato & Penny, P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Biela, Robert | OC | $300.00 | 241.0 | $72,300.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | | |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Goldman Scarlato & Penny, P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $8.20 |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | $59.15 |
| Photocopying | |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$67.35** |

# EXHIBIT 12

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF ADAM C. BELSKY IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF GROSS & BELSKY P.C.**

I, ADAM C. BELSKY, declare and state as follows:

1. I am a partner at the law firm of Gross & Belsky P.C. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of GROSS & BELSKY P.C. and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by

my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 463.3. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $ 144,277.50. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $ 0.00 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check

records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 25th day of October, 2019 at San Francisco, California.

ADAM C. BELSKY

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Gross & Belsky P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Terry Gross | P | $800.00 | 2.2 | $1,760.00 |
| Adam C. Belsky | P | $725.00 | 7.9 | $5,727.50 |
| Mary B. Parker | A | $450.00 | 4.5 | $2,025.00 |
| Erik Shawn | A | $300.00 | 448.7 | $134,765.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **463.3** | **$144,277.50** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Gross & Belsky P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$0.00** |

# EXHIBIT 13

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF JASON S. KILENE IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF GUSTAFSON GLUEK PLLC**

I, Jason S. Kilene, declare and state as follows:

1. I am a partner at the law firm of Gustafson Gluek PLLC ("Gustafson Gluek"). I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Gustafson Gluek and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in

connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 2,516.40. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $894,197.50. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $599.20 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 24 day of October, 2019 at Minneapolis, Minnesota.

Jason S. Kilene

**Exhibit A**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Gustafson Gluek PLLC**

**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Daniel E. Gustafson | P | $1,075.00 | 1.9 | $2,042.50 |
| Jason S. Kilene | P | $900.00 | 8.0 | $7,200.00 |
| Daniel C. Hedlund | P | $900.00 | 4.7 | $4,230.00 |
| Michelle J. Looby | P | $650.00 | 23.1 | $15,015.00 |
| Joseph C. Bourne | P | $500.00 | 0.6 | $300.00 |
| Brittany N. Resch | A | $400.00 | 0.2 | $80.00 |
| Kensuek Fukuchi | A | $350.00 | 1,242.2 | $434,770.00 |
| Remu Ogaki | A | $350.00 | 1,222.8 | $427,980.00 |
| Diana Jakubauskiene | PL | $200.00 | 12.9 | $2,580.00 |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **2,516.4** | **$894,197.50** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Gustafson Gluek PLLC**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $599.00 |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | $0.20 |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$599.20** |

# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF ANTHONY D. SHAPIRO IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF HAGENS BERMAN LLP**

I, Anthony D. Shapiro, declare and state as follows:

1. I am a partner at the law firm of Hagens Berman LLP. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees and Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Hagens Berman LLP and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 1595.80. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $697,295.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $270.55 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 25th day of October, 2019 at SEATTLE, WA.

ANTHONY D. SHAPIRO

**Exhibit A**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: HAGENS BERMAN SOBOL SHAPIRO LLP**

**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Anthony Shapiro | P | $925.00 | 6.1 | $5,642.50 |
| Ronnie Spiegel | P | $625.00 | 494.3 | $308,937.50 |
| Jessica Liang | A | $350.00 | 1,090.0 | $381,500.00 |
| Robert Haegele | PL | $225.00 | 5.4 | $1,215.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **1,595.8** | **$697,295.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: HAGENS BERMAN SOBOL SHAPIRO LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $24.02 |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | $53.78 |
| Photocopying | $192.75 |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$270.55** |

# EXHIBIT 15

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE: Heater Control Panels | Case No. 2:12-cv-00403 |
| IN RE: Occupant Safety Systems | Case No. 2:12-cv-00603 |
| IN RE: Switches | Case No. 2:12-cv-01303 |
| IN RE: Ignition coils | Case No. 2:12-cv-01403 |
| IN RE: Steering Angle Sensors | Case No. 2:12-cv-01603 |
| IN RE: Electric Powered Steering Assemblies | Case No. 2:13-cv-01903 |
| IN RE: Fuel Injection Systems | Case No. 2:13-cv-02203 |
| IN RE: Valve Timing Control Devices | Case No. 2:13-cv-02503 |
| IN RE: Air Conditioning Systems | Case No. 2:13-cv-02703 |
| IN RE: Automotive Constant Velocity Joint Boot Products | Case No. 2:13-cv-02903 |
| IN RE: Automotive Hoses | Case No. 2:13-cv-03203 |
| IN RE: Shock Absorbers | Case No. 2:13-cv-03303 |
| IN RE: Body Sealing Products | Case No. 2:13-cv-03403 |
| IN RE: Interior Trim Products | Case No. 2:13-cv-03503 |
| IN RE: Automotive Brake Hoses | Case No. 2:13-cv-03603 |
| IN RE: Exhaust Systems | Case No. 2:13-cv-03703 |
| IN RE: Ceramic Substrates | Case No. 2:13-cv-03803 |
| IN RE: Power Window Switches | Case No. 2:13-cv-03903 |
| IN RE: Automotive Steel Tubes | Case No. 2:13-cv-04003 |
| IN RE: Side-Door Latches | Case No. 2:13-cv-04303 |

THIS DOCUMENT RELATES TO:
End-Payor Actons

**DECLARATION OF MARY G. KIRKPATRICK IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF KIRKPATRICK & GOLDSBOROUGH, PLLC**

I, Mary G. Kirkpatrick, declare and state as follows:

1. I am a partner at the law firm of Kirkpatrick & Goldsborough, PLLC. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, and Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Kirkpatrick & Goldsborough, PLLC and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorney's Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See e.g., Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in

connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 5.6 hours. The total attorneys' fee lodestar for my firm is $1,960.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the current usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $0 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm has advanced no costs and expenses in this period. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 30th day of October, 2019, at South Burlington, Vermont.

Mary G. Kirkpatrick

## Exhibit A
### In re: Automotive Parts Antitrust Litigation

**Firm Name: Kirkpatrick & Goldsborough, PLLC**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Mary Kirkpatrick | P | $350.00 | 5.6 | $1,960.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **5.6** | **$1,960.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Kirkpatrick & Goldsborough, PLLC**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $0.00 |
| Filing / Misc. Fees | $0.00 |
| Overnight Delivery/Messengers | $0.00 |
| Photocopying | $0.00 |
| Postage | $0.00 |
| Service of Process Fees | $0.00 |
| Telephone / Fax | $0.00 |
| Transportation / Meals / Lodging | $0.00 |
| Co-Counsel Fees | $0.00 |
| Expert Fees | $0.00 |
| Secretarial OT / Word Processing | $0.00 |
| Court Reporter Service/Transcript Fees | $0.00 |
| Microfilm / Video / Disks Duplication | $0.00 |
| **TOTAL** | **$0.00** |

# EXHIBIT 16

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF HOWARD J. SEDRAN IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF LEVIN SEDRAN & BERMAN LLP**

I, Howard J. Sedran, declare and state as follows:

1. I am of-counsel to the law firm of Levin Sedran & Berman LLP. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Levin Sedran & Berman LLP and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 7.70. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $3,225.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $176.37 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 24th day of October, 2019 at Philadelphia, Pennsylvania.

HOWARD J. SEDRAN, ESQUIRE

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Levin Sedran & Berman LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| David McLafferty | A | $450.00 | 6.2 | $2,790.00 |
| James Rapone | PL | $290.00 | 1.5 | $435.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **7.7** | **$3,225.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Levin Sedran & Berman LLP**

**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $4.00 |
| Filing / Misc. Fees | $0.00 |
| Overnight Delivery/Messengers | $72.02 |
| Photocopying | $29.00 |
| Postage | $67.63 |
| Service of Process Fees | $0.00 |
| Telephone / Fax | $3.72 |
| Transportation / Meals / Lodging | $0.00 |
| Co-Counsel Fees | $0.00 |
| Expert Fees | $0.00 |
| Secretarial OT / Word Processing | $0.00 |
| Court Reporter Service/Transcript Fees | $0.00 |
| Microfilm / Video / Disks Duplication | $0.00 |
| **TOTAL** | **$176.37** |

# EXHIBIT 17

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF SARAH GROSSMAN-SWENSON IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF MCCRACKEN, STEMERMAN, & HOLSBERRY, LLP**

I, Sarah Grossman-Swenson, declare and state as follows:

1. I am a partner at the law firm of McCracken, Stemerman, & Holsberry, LLP. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of McCracken, Stemerman, & Holsberry, LLP, and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in

connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 1.5. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $1,000.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $0 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 25th day of October, 2019 at San Francisco, California.

______________________________
Sarah Grossman-Swenson

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: McCracken, Stemerman & Holsberry, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Sarah Grossman-Swenson | P | $700.00 | 1.3 | $910.00 |
| Kimberley Weber | A | $450.00 | 0.2 | $90.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **1.5** | **$1,000.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: McCracken, Stemerman & Holsberry, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
| --- | --- |
| Electronic Research | |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$0.00** |

# EXHIBIT 18

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | : : : : : : : : : : : : : : : : : : : : : : : | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | : : | |

**DECLARATION OF STEVE D. LARSON IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**

I, Steve D. Larson, declare and state as follows:

1. I am a partner at the law firm of Stoll Stoll Berne Lokting & Shlachter P.C. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Stoll Stoll Berne Lokting & Shlachter P.C. and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 1.2. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $540.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $0.00 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 24th day of October, 2019 at Portland, Oregon.

__________________________

Steve D. Larson

**Exhibit A**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Stoll Stoll Berne Lokting & Schlachter P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Steve D. Larson | P | $515.00 | 0.9 | $463.50 |
| Angelene C. Falconer | PL | $255.00 | 0.3 | $76.50 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **1.2** | **$540.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Stoll Stoll Berne Lokting & Schlachter P.C.**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $0.00 |
| Filing / Misc. Fees | $0.00 |
| Overnight Delivery/Messengers | $0.00 |
| Photocopying | $0.00 |
| Postage | $0.00 |
| Service of Process Fees | $0.00 |
| Telephone / Fax | $0.00 |
| Transportation / Meals / Lodging | $0.00 |
| Co-Counsel Fees | $0.00 |
| Expert Fees | $0.00 |
| Secretarial OT / Word Processing | $0.00 |
| Court Reporter Service/Transcript Fees | $0.00 |
| Microfilm / Video / Disks Duplication | $0.00 |
| **TOTAL** | **$0.00** |

# EXHIBIT 19

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF NATHAN CIHLAR IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF STRAUS & BOIES, LLP**

I, Nathan Cihlar, declare and state as follows:

1. I am a partner at the law firm of Straus & Boies, LLP. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees and Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Straus & Boies, LLP and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 214.7 hours. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $82,955.50. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred no additional unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 28th day of October, 2019 at FAIRFAX, VIRGINIA.

Nathan Cihlar

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Straus & Boies, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Nathan Cihlar | P | $625.00 | 6.7 | $4,187.50 |
| Shinae Kim-Helms | P | $505.00 | 125.7 | $63,478.50 |
| Anna Gooding | PL | $205.00 | 29.3 | $6,006.50 |
| Casey Hare | PL | $205.00 | 0.8 | $164.00 |
| Karen Yi | PL | $175.00 | 49.0 | $8,575.00 |
| Benjamin Gross | PL | $170.00 | 3.2 | $544.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **214.7** | **$82,955.50** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Straus & Boies, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$0.00** |

# EXHIBIT 20

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | : : : : : : : : : : : : : : : : : : : : : : : | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | : : | |

**DECLARATION OF KEVIN LANDAU IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF TAUS, CEBULASH & LANDAU, LLP**

I, Kevin Landau, declare and state as follows:

1. I am a partner at the law firm of Taus, Cebulash & Landau, LLP. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Taus, Cebulash & Landau, LLP and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 1190. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $416,500. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $0 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 23rd day of October, 2019 at New York, NY.

Kevin Landau

**Exhibit A**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Taus, Cebulash & Landau, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Kenneth Han | OC | $350.00 | 1,190.0 | $416,500.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | | |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Taus, Cebulash & Landau, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $0.00 |
| Filing / Misc. Fees | $0.00 |
| Overnight Delivery/Messengers | $0.00 |
| Photocopying | $0.00 |
| Postage | $0.00 |
| Service of Process Fees | $0.00 |
| Telephone / Fax | $0.00 |
| Transportation / Meals / Lodging | $0.00 |
| Co-Counsel Fees | $0.00 |
| Expert Fees | $0.00 |
| Secretarial OT / Word Processing | $0.00 |
| Court Reporter Service/Transcript Fees | $0.00 |
| Microfilm / Video / Disks Duplication | $0.00 |
| **TOTAL** | **$0.00** |

# EXHIBIT 21

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF SYLVIE KULKIN KERN IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF THE LAW OFFICES OF SYLVIE KULKIN KERN**

I, Sylvie Kulkin Kern, declare and state as follows:

1. I am a partner at the law firm of the Law Offices of Sylvie Kulkin Kern. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of the Law Offices of Sylvie Kulkin Kern and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by

my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 1.1 hours. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $907.50. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $0.00 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check

records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 26th day of October, 2019 at Bozeman, Montana.

SYLVIE KULKIN KERN

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: LAW OFFICES OF SYLVIE KULKIN KERN**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| SYLVIE KERN | P | $825.00 | 1.1 | $907.50 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **1.1** | **$907.50** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: LAW OFFICES OF SYLVIE KULKIN KERN**

**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $0.00 |
| Filing / Misc. Fees | $0.00 |
| Overnight Delivery/Messengers | $0.00 |
| Photocopying | $0.00 |
| Postage | $0.00 |
| Service of Process Fees | $0.00 |
| Telephone / Fax | $0.00 |
| Transportation / Meals / Lodging | $0.00 |
| Co-Counsel Fees | $0.00 |
| Expert Fees | $0.00 |
| Secretarial OT / Word Processing | $0.00 |
| Court Reporter Service/Transcript Fees | $0.00 |
| Microfilm / Video / Disks Duplication | $0.00 |
| **TOTAL** | **$0.00** |

# EXHIBIT 22

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF TERRY ROSE SAUNDERS IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF THE SAUNDERS LAW FIRM**

I, Terry Rose Saunders, declare and state as follows:

1. I am a partner at the law firm of The Saunders Law Firm. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of The Saunders Law Firm and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness,* 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 1.20 hrs. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $960.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $0.00 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 23rd day of October, 2019 at Chicago, Illinois.

Terry Rose Saunders

**Exhibit A**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: The Saunders Law Firm**

**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Terry Rose Saunders | P | $800.00 | 1.2 | $960.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **1.2** | **$960.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: The Saunders Law Firm**

**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$0.00** |

# EXHIBIT 23

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00403 |
| In Re: Occupant Safety Systems | : | Case No. 2:12-cv-00603 |
| In Re: Switches | : | Case No. 2:13-cv-01303 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01403 |
| In Re: Steering Angle Sensors | : | Case No. 2:13-cv-01603 |
| In Re: Electric Powered Steering Assemblies | : | Case No. 2:13-cv-01903 |
| In Re: Fuel Injection Systems | : | Case No. 2:13-cv-02203 |
| In Re: Valve Timing Control Devices | : | Case No. 2:13-cv-02503 |
| In Re: Air Conditioning Systems | : | Case No. 2:13-cv-02703 |
| In Re: Automotive Constant Velocity Joint Boot Products | :<br>: | Case No. 2:14-cv-02903 |
| | : | |
| | : | Case No. 2:15-cv-03203 |
| In Re: Automotive Hoses | : | Case No. 2:15-cv-03303 |
| In Re: Shock Absorbers | : | Case No. 2:16-cv-03403 |
| In Re: Body Sealing Products | : | Case No. 2:16-cv-03503 |
| In Re: Interior Trim Products | : | Case No. 2:16-cv-03603 |
| In Re: Automotive Brake Hoses | : | Case No. 2:16-cv-03703 |
| In Re: Exhaust Systems | : | Case No. 2:16-cv-03803 |
| In Re: Ceramic Substrates | : | Case No. 2:16-cv-03903 |
| In Re: Power Window Switches | : | Case No. 2:16-cv-04003 |
| In Re: Automotive Steel Tubes | : | Case No. 2:17-cv-04303 |
| In Re: Side-Door Latches | : | |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF HASSAN A. ZAVAREEI IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF TYCKO & ZAVAREEI LLP**

I, Hassan A. Zavareei, declare and state as follows:

1. I am a partner at the law firm of Tycko & Zavareei LLP. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Tycko & Zavareei LLP and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness,* 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 664.40. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $199,320.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $77.50 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 28th day of October , 2019 at Washington, DC.

______________________________

Hassan A. Zavareei

## Exhibit A
### In re: Automotive Parts Antitrust Litigation

**Firm Name: TYCKO & ZAVAREEI LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| David Lawler | OC | $300.00 | 664.4 | $199,320.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **664.40** | **$199,320.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: TYCKO & ZAVAREEI LLP**

**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $40.60 |
| Filing / Misc. Fees | $0.00 |
| Overnight Delivery/Messengers | $0.00 |
| Photocopying | $2.70 |
| Postage | $0.00 |
| Service of Process Fees | $0.00 |
| Telephone / Fax | $0.00 |
| Transportation / Meals / Lodging | $0.00 |
| Co-Counsel Fees | $0.00 |
| Expert Fees | $0.00 |
| Secretarial OT / Word Processing | $0.00 |
| Court Reporter Service/Transcript Fees | $34.20 |
| Microfilm / Video / Disks Duplication | $0.00 |
| **TOTAL** | **$77.50** |

# EXHIBIT 24

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

# DECLARATION OF ROBERT S. KITCHENOFF IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENT FILED ON BEHALF OF WEINSTEIN KITCHENOFF & ASHER LLC

I, Robert S. Kitchenoff, declare and state as follows:

1. I am a partner at the law firm of Weinstein Kitchenoff & Asher. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Weinstein Kitchenoff & Asher and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in

connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 1,177. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $412,410.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $54.10 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 25th day of October, 2019 at Philadelphia, Pennsylvania.

Robert S. Kitchenoff

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Weinstein Kitchenoff & Asher LLC**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Robert Kitchenoff | P | $810.00 | 1.0 | $810.00 |
| Takatoshi Sawa | A | $350.00 | 1,176.0 | $411,600.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **1,177.0** | **$412,410.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Weinstein Kitchenoff & Asher LLC**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $9.70 |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | $44.40 |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$54.10** |

# EXHIBIT 25

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | : : : : : : : : : : : : : : : : : : : : : : : : | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | : : | |

**DECLARATION OF JAMES F. WYATT, III IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF WYATT & BLAKE, LLP**

I, James F. Wyatt, III, declare and state as follows:

1. I am a partner at the law firm of Wyatt & Blake, LLP. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Wyatt & Blake, LLP and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g.*, *Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 2.9 hours. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $2,030.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $63.50 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 24th day of October, 2019 at Charlotte, North Carolina.

James F. Wyatt, III

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Wyatt & Blake, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| James F. Wyatt, III | P | $700.00 | 2.9 | $2,030.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **2.9** | **$2,030.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Paralegal (PL)

**Exhibit B**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Wyatt & Blake, LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $63.30 |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | |
| Photocopying | $0.20 |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$63.50** |

# EXHIBIT 26

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :<br>:<br>: | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br><br><br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br><br><br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | :<br>: | |

**DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND FOUR SETTLEMENTS FILED ON BEHALF OF ZELLE LLP**

I, Christopher T. Micheletti, declare and state as follows:

1. I am a partner at the law firm of Zelle LLP. I submit this declaration in support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees And Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

2. My firm has acted as counsel for End-Payor Plaintiffs in this litigation entirely on a contingent basis. The background and experience of Zelle LLP and its attorneys are summarized in the *curriculum vitae* previously submitted to the Court in connection with End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Establishment of a Fund for Future Litigation Expenses. *See, e.g., Wire Harness*, 2:12-cv-00103 (E.D. Mich. Mar. 10, 2016), ECF No. 433.

3. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar in this litigation, including work performed by my firm's attorneys and professional staff, computed at my firm's current hourly rates, for the period from April 1, 2018 through September 30, 2019 for work performed at the direction of Interim Co-Lead Counsel. Also, at the direction of Interim Co-Lead Counsel, work performed by my firm in connection with English language document review was capped at $300 per hour and 200 hours per month. Work performed by my firm in connection with foreign language document review was capped at $350 per hour, and at 200 hours per month per reviewer.

4. The total number of hours expended in this litigation by my firm from April 1, 2018 through September 30, 2019 is 80.60. The total lodestar for my firm from April 1, 2018 through September 30, 2019 is $37,088.00. My firm's lodestar amount includes only work assigned by Interim Co-Lead Counsel, and performed by my firm for the benefit of the End-Payor Plaintiffs. The hourly rates for my firm's attorneys and professional staff are the same as the usual and customary hourly rates charged by my firm for its services. The total attorney and professional staff time reflected in this declaration is based on my firm's contemporaneous, daily time records regularly prepared and maintained by my firm and also reflect any reductions, if any, in my firm's lodestar required by Interim Co-Lead Counsel.

5. My firm complied with the instructions provided by Interim Co-Lead Counsel that set forth the guidelines for the categories of work and hourly rates permitted to be included in this declaration. No work was performed by my firm without the express authorization of Interim Co-Lead Counsel.

6. Costs and expenses will be reimbursed from the litigation fund. As detailed in Exhibit B, my firm has incurred a total of $514.17 in unreimbursed costs and expenses in this litigation during the period from April 1, 2018 through September 30, 2019. My firm advanced these costs and expenses with no assurance that such costs and expenses would be repaid. My firm has only set forth costs and expenses incurred in accordance with the guidelines established by Interim Co-Lead Counsel.

7. The costs and expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of costs and expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 28th day of October, 2019 at San Francisco, California.

Christopher T. Micheletti

**Exhibit A**
**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Zelle LLP**
**Reporting Period: April 1, 2018 through September 30, 2019**

| Name | Title | Current Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|
| Christopher T. Micheletti (2018) | P | $ 860.00 | 2.90 | $ 2,494.00 |
| Christopher T. Micheletti (2019) | P | $ 880.00 | 16.80 | $ 14,784.00 |
| Qianwei Fu (2018) | P | $ 630.00 | 6.80 | $ 4,284.00 |
| Qianwei Fu (2019) | P | $ 650.00 | 6.20 | $ 4,030.00 |
| Mei Xuan | LC | $ 240.00 | 47.90 | $ 11,496.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | **80.60** | **$ 37,088.00** |

Partner (P)
Of Counsel (OC)
Associate (A)
Law Clerk (LC)
Paralegal (PL)

**Exhibit B**

**In re: Automotive Parts Antitrust Litigation**

**Firm Name: Zelle LLP**

**Reporting Period: April 1, 2018 through September 30, 2019**

| Disbursement | Amount |
|---|---|
| Electronic Research | $ 458.82 |
| Filing / Misc. Fees | |
| Overnight Delivery/Messengers | $ 35.67 |
| Photocopying | $ 0.82 |
| Postage | |
| Service of Process Fees | |
| Telephone / Fax | $ 18.86 |
| Transportation / Meals / Lodging | |
| Co-Counsel Fees | |
| Expert Fees | |
| Secretarial OT / Word Processing | |
| Court Reporter Service/Transcript Fees | |
| Microfilm / Video / Disks Duplication | |
| **TOTAL** | **$ 514.17** |